Alan Klinger
212 378 7677
aklinger@Steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

Steptoe

Via ECF

February 9, 2024

Honorable Joseph A. Marutollo
U.S. District Court
Theodore Roosevelt United States Courthouse
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Mulgrew, et al v. U.S. Dep't of Transp., et al.*, No. 1:24-CV-00081

Dear Judge Marutollo,

We are co-counsel for Plaintiffs in the above-referenced action. We write pursuant to Your Honor's February 1, 2024 Order to advise the Court, in advance of the February 16, 2024 initial conference, as to each party's position regarding (1) whether the parties are amendable to a settlement conference at this stage in the litigation; and (2) whether the parties are amenable to a global settlement conference at this stage in the litigation.[1]

**Plaintiffs' Position**

Plaintiffs are amendable to a settlement conference at this stage in this case as well as a global settlement conference involving the other Congestion Pricing matters that the Court has identified. We note that Plaintiffs' counsel in this action is also counsel to Plaintiffs in the *Chan v. United States Department of Transportation*, No. 23-cv-103565 action pending in the Southern District of New York. In that case, Judge Liman, too, has requested that the parties be prepared to discuss the possibility of a global settlement conference at the initial conference scheduled for February 12, 2024. We will advise the Court as to the outcome of that discussion at the initial conference on February 16.

[1] The Court indicated that a global settlement conference would potentially include the parties in this case as well as the parties in the cases captioned *State of New Jersey v. United States Department of Transportation,* No. 23-cv-3885 (D.N.J); *Sokolich v. United States Department of Transportation*, No. 23-cv-21728 (D.N.J); *Chan v. United States Department of Transportation*, No. 23-cv-10365 (S.D.N.Y.); and *New Yorkers Against Congestion Pricing Tax v. United States Department of Transportation*, No. 24-cv-367 (S.D.N.Y.).

**Federal Defendants' Position**

While Federal Defendants will closely consider a reasonable settlement offer submitted by Plaintiffs, at this time Federal Defendants do not believe a settlement conference—in either this matter or globally—would be an efficient use of the Parties' and the Court's resources.

Specifically, Federal Defendants intend to move to dismiss Plaintiffs' claims plead against them in this matter. *See* ECF No. 27. And Federal Defendants intend to do the same in *Sokolich v. U.S. Dep't of Transp.*, No. 23-21728 (D.N.J) and *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24-367 (S.D.N.Y). Any settlement discussions, either confined to this case or globally, would only be productive after resolution of those threshold dispositive motions, if even then.

Finally, Federal Defendants are mindful that Plaintiffs' claims against Federal Defendants are brought under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, *et seq.*, which both constrains the type of settlement to which Federal Defendants could agree and limits the relief Plaintiffs could obtain in this lawsuit.

**MTA and TBTA Defendants' Position**

It is the MTA and TBTA Defendants' position that a settlement conference limited to this case would be premature at this time. As explained in our letter requesting a pre-motion conference (ECF No. 30), the Complaint should be dismissed in its entirety because Plaintiffs' claims are time barred, rely on multiple contingent events that may not come to pass, and/or otherwise fail to state a claim upon which relief can be granted. However, if global settlement discussions were to be held with all parties involved in the four additional pending cases identified in Your Honor's order, then the MTA and TBTA Defendants would be willing to participate.

**State Defendant's Position**

Defendant New York State Department of Transportation ("Department") believes that a settlement conference limited to this case would be premature at this time. As explained in our letter requesting a pre-motion conference (ECF No. 29), the Court should dismiss the Complaint in its entirety as against the Department because the Eleventh Amendment bars the claims, and in addition the claims are either time barred or not ripe for adjudication. However, the Department would be amenable to participate in global settlement discussions involving all parties in this case and the four other cases identified in Your Honor's order.

**City Defendant's Position**

The City of New York believes that a settlement conference limited to this case would be premature at this time. As explained in our letter requesting a pre-motion conference (ECF No. 31), this proceeding should be dismissed as Plaintiffs' claims are either time barred or not ripe.

However, the City of New York is amenable to global settlement discussions involving all parties to this case and the four other pending cases identified in Your Honor's order.

Respectfully submitted,

*/s/ Alan M. Klinger*

Alan M. Klinger

*Attorney for Plaintiffs*