**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

March 5, 2024

BY CM/ECF

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (LJL) ("*Chan*"); *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 1644 (VSB) ("*Mulgrew*"); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (LJL) ("*New Yorkers*")

Dear Judges Liman and Broderick:

We write on behalf of the Metropolitan Transportation Authority ("MTA") and related Defendants in the above-captioned cases. Two of those cases, *Chan* and *New Yorkers*, have been designated related and assigned to Judge Liman. *See Chan*, ECF 8; *New Yorkers*, ECF 3, 25. The third case, *Mulgrew*, was recently transferred from the Eastern District of New York to this District with the expectation that it would also be assigned to Judge Liman for resolution alongside *Chan* and *New Yorkers*. That expectation was noted by many of the parties to *Mulgrew*, Judge Marutollo in the Eastern District (who ordered transfer), and Judge Liman (who had been informed that *Mulgrew* would likely be transferred and adopted a schedule recognizing as much). *See Mulgrew*, ECF 36, 37, 38, 39, 40; *Chan*, ECF 25; *New Yorkers*, ECF 42; Ex. A at 14:15-24, 20:22-21:4, 23:6-25, 43:15-24. For that reason and the others given below, we respectfully request that *Mulgrew* be designated related to *Chan* and *New Yorkers* and assigned to Judge Liman. *See* L.R. 1.6(a); R. 13(b)(3), Rules for the Division of Business.

As Your Honors are aware, to determine whether cases are related, a court considers whether "the actions concern the same or substantially similar parties, property, transactions or events; there is substantial factual overlap; the parties could be subjected to conflicting orders; and whether absent a determination of relatedness there would be a substantial duplication of effort

**KAPLAN HECKER & FINK LLP**                                                                 2

and expense, delay, or undue burden on the court, parties or witnesses." R. 13(a)(1)(A)–(D), Rules for the Division of Business. Counsel have a "continuing duty" to bring to the Court's attention "all facts which said attorney believes are relevant to a determination" of relatedness and "shall notify the Judges to whom the cases have been assigned." L.R. 1.6(a).

The three cases at issue here easily meet the standard for relatedness. *Chan*, *New Yorkers*, and *Mulgrew* all concern challenges to the Manhattan Central Business District Congestion Pricing Program. *See Chan*, ECF 39 ¶¶ 144-210; *New Yorkers*, ECF 54 ¶¶ 164-89; *Mulgrew*, ECF 19 ¶¶ 145-84. In addition, they all contain overlapping causes of action and involve almost identical defendants as well as counsel (apart from Plaintiffs' counsel in *New Yorkers*). *See Chan*, ECF 10, 11,12, 39 ¶¶ 38-45, 144-210; *New Yorkers*, ECF 54 ¶¶ 64-72, 164-89; *Mulgrew*, ECF 19 ¶¶ 62-69, 145-84. Recognizing that hearing the three cases together would serve the interests of justice and judicial economy, most of the *Mulgrew* parties consented to transfer (with only the Federal Defendants taking no position). *See Mulgrew*, ECF 36, 37, 38, 39, 40. In granting that proposed transfer, Judge Marutollo noted that "[t]ransferring this case to the Southern District of New York conserves judicial resources, minimizes duplicative litigation, and protects the parties, the courts, and the public from the possibility of conflicting results." *Mulgrew*, ECF 41 at 10. And in anticipation of the transfer, Judge Liman recently adopted the parties' jointly proposed briefing schedule—a schedule that expressly contemplated specific deadlines for the *Mulgrew* proceeding upon transfer. *See Chan*, ECF 25, 31; *New Yorkers*, ECF 42, 45.

Accordingly, we respectfully request that the *Mulgrew* case be assigned to Judge Liman.

Respectfully submitted,

Roberta A. Kaplan