# EXHIBIT A

```
 O2CANEWC
 UNITED STATES DISTRICT COURT
 SOUTHERN DISTRICT OF NEW YORK
 ------------------------------x

 NEW YORKERS AGAINST CONGESTION
 PRICING TAX, et al.,

                Plaintiff,

            v.                             24 Civ. 367 (LJL)

 UNITED STATES DEPARTMENT OF
 TRANSPORTATION, et al.,
                                           Conference
                Defendants.

 ------------------------------x
 ------------------------------x

 ELIZABETH CHAN, ET AL.,

                Plaintiffs,

            v.                             23 Civ. 10365 (LJL)

 UNITED STATES DEPARTMENT OF
 TRANSPORTATION et al.,

                Defendants.

 ------------------------------x

                                           New York, N.Y.
                                           February 12, 2024
                                           10:07 a.m.
 Before:

                  HON. LEWIS J. LIMAN,

                                           District Judge
```

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

1    speak to them about that.
2              THE COURT:  Let me ask you the other questions that
3    I've got.
4              Since you mentioned that you are cocounsel in the
5    Eastern District of New York or counsel in the Eastern District
6    of New York, has there been a schedule set in that case for
7    motions?  And more broadly, how in your view should I manage
8    this case so that I'm not replicating what is being done by
9    judges in other districts?
10             MR. KLINGER:  Your Honor, the initial settlement
11   conference in that case is this coming Friday.
12             THE COURT:  That's initial status conference?
13             MR. KLINGER:  Yes.  And they have sought information
14   very similar to what your Honor did in your order.
15             THE COURT:  Okay.  Have you given any thought to
16   coordination between the cases?  If there are going to be
17   similar motions filed in each, it's obviously a question I'm
18   going to ask defense counsel, but from plaintiff's perspective,
19   why is -- maybe you're the earliest filed case among all of the
20   districts.  I don't know the answer to that.  But what
21   efficiency is there in having cases filed in the Southern
22   District of New York, the Eastern District of New York, and the
23   District of New Jersey that seem to involve the identical legal
24   issues with an identical administrative record?
25             MR. KLINGER:  Yes.  And, I mean, so what was done with

1  calls for an evaluation of economic impacts.  And the failure
2  of the EIS process to do that requires that the final
3  environmental assessment take into account the financial and
4  economic impacts.  And, therefore, there would have to be a
5  supplemental EIS.
6         THE COURT:  Okay.
7         MR. LESTER:  So that's an additional claim that we
8  have.
9         THE COURT:  Okay.  All right.  Thank you.
10         MR. LESTER:  Thank you.
11         THE COURT:  All right.  I'll hear from whoever on the
12  defense side wants to go first.  It would be helpful for
13  somebody on the defense side, maybe at the beginning, to lay
14  out the contemplated timetable for the implementation of
15  congestion pricing.  I'm aware that that has been laid out in a
16  case in the District of New Jersey, but I haven't heard it
17  firsthand and I think that will help frame the handling of
18  this.  Ms. Kaplan.
19         MS. KAPLAN:  Yes.  Thank you, your Honor.
20         So let me just touch on that and touch on kind of the
21  landscape right now of the various cases, your Honor.
22         Your Honor has it exactly right.  There are two cases
23  in the District of New Jersey, there are two cases before your
24  Honor, and there's a case in the Eastern District.  We have
25  told Mr. Klinger that we intend to move to change venue for the

1    Eastern District case to move it to your Honor.  We think it
2    makes no sense to have a case in the SDNY and the EDNY at the
3    same time.  The cases are the same; the facts, the law is the
4    same, as your Honor as pointed out.
5              THE COURT:  How quickly do you contemplate making that
6    motion in the Eastern District?  I gather you've got a
7    conference coming up later this week.
8              MS. KAPLAN:  We would file it today, your Honor, but
9    we're waiting to hear back from Mr. Klinger on a motion
10   schedule.  That's what Judge Gujarati requires before you file
11   a motion.  So as soon as he gets back to us with a motion
12   schedule, it's ready to go and file that as soon as possible.
13   And we actually think they should consent to that given that
14   they're counsel to both cases.
15             But, in addition to that, your Honor, you said before
16   that you're a latecomer to the case.
17             THE COURT:  I didn't -- maybe I personally am a
18   latecomer.  I also meant to say that Mr. Lester seems to be a
19   latecomer.
20             MS. KAPLAN:  I'm a little bit of a latecomer, too,
21   your Honor.  But with respect to New Jersey, I would say that
22   you're a latecomer, but you're not a latecomer.  And the reason
23   for that, your Honor, is because the New Jersey case has been
24   through four judges I think.  The judge who's the current judge
25   on the case, Judge Conner, was recently assigned -- Gordon,

1  claims under right to travel, Dormant Commerce Clause that
2  probably aren't ripe yet.  So we would have to figure out
3  finality on that end to settle, but that is very much in our
4  interest if we can get it.  The only other thing I would add
5  before environmental issues --
6          THE COURT:  Maybe, Ms. Kaplan, I assume you'll touch
7  on what are in some ways related issues, sort of how to manage
8  the cases across the districts.  You answered that in part with
9  respect to the Eastern District of New York, and then the
10 question of class certification, which as to the APA claims,
11 the administrative claims, seems to me to make very little
12 sense.  But it may actually with respect to the Dormant
13 Commerce Clause claims have more sense to it.  I don't know if
14 you've given any thought to how to structure -- how I should
15 structure things, how things should be structured so as to
16 achieve what I would hope would be everybody's goals of
17 efficiency and expediency.
18          MS. KAPLAN:  So our current thinking again, your
19 Honor, subject to my colleagues, would be that in the -- that
20 the EDNY case get moved here, and then that here we would file
21 a motion for summary judgment.  We agree with your Honor that
22 there's no discovery in connection with the environmental
23 claims, a motion for summary judgment on the administrative
24 record, so the administrative record is before your Honor in
25 the Chan case.

1   think I speak for Mr. Lester, correct me if I'm wrong, or our
2   cocounsel in the Mulgrew case, what we don't want, your Honor,
3   is to hear with all the claims that things aren't ripe yet.
4   That's what we're hearing, you're too late, you're too early,
5   you're nowhere to be had.  What we think would be quite unfair,
6   your Honor, is to be told at some point in the future, the plan
7   is so far advanced, how can you do anything about it.  That's
8   why we're here now.  That's why we've brought the claims that
9   we have in the Eastern District action, which is the Dormant
10  Commerce Clause and the right to travel.  We understand what
11  defendants' arguments are going to be there, but we wanted to
12  make sure that these issues are before not only the Court, but
13  before the parties in connection with the supplemental review
14  that they've acknowledged has to be undertaken.
15            THE COURT:  And will you meet and confer with
16  Ms. Kaplan either right after this conference or certainly by
17  the end of the day today with respect to whether your position
18  with respect to transferring the Eastern District case to me,
19  or at least if you're not agreeing to that, to a motion
20  schedule so that the letter that I get at the end of this week
21  is one that would reflect either that there will be a motion
22  sub judice with respect to the Eastern District, or that
23  there's consent by both parties to moving the Eastern District
24  case here.
25            MR. KLINGER:  The answer, your Honor, is I would just