# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

RE: *Mulgrew et al. v. U.S. Department of Transportation et al.*, 24-cv-1644

In keeping with the schedule set forth below, any motions to dismiss shall be due April 1, 2024; any oppositions to such a motion shall be due April 15, 2024; and any replies shall be due April 22, 2024.

DATE: March 6, 2024

SO ORDERED.
LEWIS J. LIMAN
United States District Judge

February 16, 2024

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (S.D.N.Y.) (LJL); *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (S.D.N.Y.) (LJL)

Dear Judge Liman:

      We write on behalf of all parties in the above-referenced matters—per Your Honor's instruction during the February 12, 2024 status conference—to submit the following proposed briefing schedule for the filing of: (1) the administrative record and answers in *Chan v. U.S. Dep't of Transp.*, No. 23 Civ. 10365 (S.D.N.Y.) ("*Chan*"); (2) motions for summary judgment in *Chan*; and (3) motions to dismiss in both *Chan* and *New Yorkers Against Congestion Pricing Tax v. U.S. Dep't of Transp.*, No. 24 Civ. 367 (S.D.N.Y.) ("*New Yorkers*").

### The *Mulgrew* Action

      As drafted, this schedule also covers *Mulgrew v. U.S. Dep't of Transp.*, No. 24 Civ. 00081 (E.D.N.Y.) ("*Mulgrew*"), where all parties other than the Federal Defendants had agreed to stipulate to a transfer to this Court, and where the Federal Defendants had represented that they took no position on that stipulation. Yesterday, without advance notice to any of the other parties, the Federal Defendants filed a letter in *Mulgrew* contending that Judge Gujarati should dismiss rather than transfer the plaintiffs' claims in that case (at least as to the Federal Defendants). *Id.* at ECF 37.[1] The other parties in *Mulgrew* will respond to that filing in short order. Rather than delay the proceedings here while the transfer issue is resolved by Judge Gujarati, the parties respectfully propose that Your Honor adopt this proposed scheduling order; that the *Mulgrew* litigation be subject to the deadlines for the *New Yorkers* action in this briefing schedule if it is transferred to this Court by March 1, 2024; and that the Court revisit a proper schedule for the *Mulgrew* litigation if it is transferred after March 1, 2024.

---

[1] The Federal Defendants do not join in the parties' suggestion that their positions in the *Mulgrew* litigation have been inconsistent or inappropriate in light of the limited time they were given to provide their position on transfer after the *Mulgrew* plaintiffs consented to that transfer.

**KAPLAN HECKER & FINK LLP**                                                                 2

**Proposed Limitations on Briefing**

In connection with this proposed schedule—and consistent with the Court's guidance—the parties propose that briefing at this juncture be limited to State Administrative Procedure Act and National Environmental Policy Act ("NEPA") claims (apart from NEPA claims based on the alleged failure of the Defendants to supplement). The parties thus propose that response deadlines for all other claims be stayed pending the resolution of the motions described below. Specifically, the parties propose that any federal constitutional claims included in any amended complaints be deferred. *See* Tr. at 45-46 (February 12, 2024). Furthermore, the second cause of action in *New Yorkers* asserts a failure to supplement under NEPA; Defendants collectively maintain that this claim is not ripe and that resolution of that issue should be deferred. The same is true for any claim asserted under Article 1, Section 19 of the New York State Constitution; such claims may be added to the *Chan* and *New Yorkers* actions (should the Court permit amendment of the latter).

Notwithstanding the above, Defendant New York State Department of Transportation ("NYSDOT") will be filing two motions to dismiss on Eleventh Amendment grounds: one motion to dismiss all claims in the *New Yorkers* action, and one motion to dismiss all claims in the *Chan* action. In the *Chan* action, NYSDOT will alternatively move for summary judgment, and in the *New Yorkers* action, NYSDOT will alternatively move to dismiss the first NEPA claim on statute of limitations grounds.

**Proposed Schedule**

Here is the parties' proposed schedule.

| Filing(s) | Deadline |
|---|---|
| Amended Complaint in *Chan* | February 20, 2024 |
| Administrative Record in *Chan* | February 27, 2024 |
| Answers in *Chan*, except NYSDOT, which is moving to dismiss all claims | February 27, 2024 |
| Plaintiffs' Motion for Summary Judgment in *Chan* | March 18, 2024 |
| Defendants' Motions to Dismiss First and Third Causes of Action in *New Yorkers* | March 18, 2024 |
| NYSDOT's motion to dismiss in *New Yorkers* | March 18, 2024 |
| Defendants' Cross-Motions for Summary Judgment and Oppositions to Plaintiffs' Motion for Summary Judgment in *Chan* | April 1, 2024 |

**KAPLAN HECKER & FINK LLP**

3

| | |
|---|---|
| Plaintiffs' Opposition to Defendants' Motions to Dismiss in *New Yorkers* | April 1, 2024 |
| NYSDOT's Motion to Dismiss in *Chan* | April 1, 2024 |
| Plaintiffs' Reply in Support of Motion for Summary Judgment and Opposition to Defendants' Cross-Motions for Summary Judgment in *Chan* | April 15, 2024 |
| Plaintiffs' Opposition to NYSDOT's motion to Dismiss in *Chan* | April 15, 2024 |
| Defendants' Replies in Support of Motions to Dismiss in *New Yorkers* | April 15, 2024 |
| Defendants' Reply in Support of Cross-Motions for Summary Judgment in *Chan* | April 22, 2024 |
| NYSDOT's reply in support of its motion to dismiss in *Chan* | April 22, 2024 |

For the reasons explained above, the schedule that we have proposed for *New Yorkers* should also apply to *Mulgrew* if that case is transferred to this Court by March 1, 2024.

**Additional Positions of the Parties**

The Federal Defendants concur with this proposal but reserve the right to move to dismiss the Plaintiffs' failure to supplement claims on ripeness grounds.

The *New Yorkers* Plaintiffs concur with this proposal. They plan to amend their complaint to add a cause of action in relation to the Green Amendment and the impact of Congestion Pricing upon the Environmental Justice communities. They request until February 26, 2024 to do so.

**Waiver of Local Rule 56.1(a)**

The parties jointly request that the Court approve a waiver of the requirement in Local Rule 56.1(a) that a separate "Statement of Material Facts" accompany each party's cross-motion for summary judgment in *Chan*. Under the judicial review provisions of the Administrative Procedure Act (5 U.S.C. § 701 et. seq.), which apply to the NEPA claim in *Chan*, the evidence before the Court for these motions is typically contained in the administrative record and the facts in those records. *See Just Bagels Mfg., Inc. v. Mayorkas*, 900 F. Supp. 2d 363, 372 n.7 (S.D.N.Y. 2012) (collecting cases). The parties collectively agree that Local Rule 56(1)(a) should not apply here.

The parties appreciate the Court's consideration of these matters.

KAPLAN HECKER & FINK LLP

4

Respectfully submitted,

Roberta A. Kaplan