UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- x

NEW YORKERS AGAINST CONGESTION   :
PRICING TAX, *et al.*,   :
  :
             Plaintiffs,   :
  :   No. 1:24-cv-00367-LJL
             v.   :
  :
UNITED STATES DEPARTMENT OF   :
TRANSPORTATION, *et al.*,   :
  :
             Defendants.   :

-------------------------------------------------------------------- x

MICHAEL MULGREW, *et al.*,   :
  :
             Plaintiffs,   :
  :
             v.   :   No. 1:24-cv-01644-LJL
  :
UNITED STATES DEPARTMENT OF   :
TRANSPORTATION, *et al.*,   :
  :
             Defendants.   :

-------------------------------------------------------------------- x

## MEMORANDUM OF LAW OF DEFENDANT NEW YORK STATE DEPARTMENT OF TRANSPORTATION IN SUPPORT OF ITS MOTION TO DISMISS

LETITIA JAMES
Attorney General of the State of New York
New York State Attorney General's Office
28 Liberty Street
New York, New York 10005
Telephone:  (212) 416-8271

ANDREW G. FRANK
Assistant Attorney General
*Of Counsel*

March 18, 2024

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ..........................................................................iii

PRELIMINARY STATEMENT ..................................................................... 1

BACKGROUND ............................................................................................ 2

    A.    New York State's Congestion Pricing Statute ...................................... 2

    B.    The Federal Highway Administration's Value Pricing Pilot Program ............................................................................................... 3

    C.    The National Environmental Policy Act .............................................. 3

    D.    The *Mulgrew* Litigation ...................................................................... 5

    E.    The *New Yorkers Against* Litigation ..................................................... 6

ARGUMENT ................................................................................................. 8

THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION BECAUSE THE ELEVENTH AMENDMENT IMMUNIZES THE DEPARTMENT FROM THESE SUITS .................................................... 8

    A.    The Eleventh Amendment Bars the Causes of Action Against the Department ................................................................................... 8

    B.    None of the Exceptions to Eleventh Amendment Immunity Apply ...... 9

        1.    The NEPA Causes of Action Would Fail to State a Claim Against a Department Official .................................... 12

        2.    The Federal Constitutional Causes of Action Would Fail to State a Claim Against a Department Official .............. 14

        3.    The State-Law Causes of Action Would Fail to State a Claim Against a Department Official .................................... 15

        4,    The Cause of Action for Class Action Relief Would Fail to State a Claim Against a Department Official ...................... 16

<u>Page</u>

CONCLUSION...........................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

## FEDERAL DECISIONS

*74 Pinehurst LLC v. N.Y.*,
  59 F.4th 55 (2d Cir. 2023), *cert. denied*,
  2024 WL 674658 (Feb. 20, 2024) ...................................................................... 9

*Allen v. Cuomo*,
  100 F.3d 253 (2d Cir. 1996) ............................................................................ 15

*Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*,
  462 U.S. 87 (1983) ............................................................................................ 3

*Brodsky v. U.S. Nuclear Reg. Comm'n*,
  704 F.3d 113 (2d Cir. 2013) ........................................................................... 12

*Carvel v. Cuomo*,
  357 Fed. Appx. 382 (2d Cir. 2009) ........................................................... 14, 15

*Central Va. Community College v. Katz*,
  546 U.S. 356 (2006) ........................................................................................ 10

*Collins v. City Univ. of N.Y.*,
  No. 21 Civ. 9544 (NRB), 2023 WL 1818547 (S.D.N.Y. Feb. 8, 2023) ............. 14

*DeFranco v. Dept. of Envtl. Conserv.*,
  No. 16-2014, 2017 WL 1497977 (E.D.N.Y. Apr. 26, 2017) .............................. 9

*Dellmuth v. Muth*,
  491 U.S. 223 (1989) ........................................................................................ 10

*Dube v. State Univ. of N.Y.*,
  900 F.2d 587 (2d Cir. 1990) ............................................................................. 9

*Edelman v. Jordan*,
  415 U.S. 651 (1974) .......................................................................................... 9

*Ex parte Young*,
  209 U.S. 123 (1908) ................................................................................... 1, 11

Page(s)

*Garcia v. Akwesasne Housing Auth.*,
    268 F.3d 76 (2d Cir. 2001) ................................................................. 13

*Goos v. Interstate Commerce Comm'n*,
    911 F.2d 1283 (8th Cir. 1990) ........................................................... 13

*HealthNow N.Y. Inc. v. N.Y.*,
    739 F. Supp. 2d 286 (W.D.N.Y. 2010)*,*
    *aff'd*, 448 Fed. Appx. 79 (2d Cir. 2011) ........................................... 11

*Huffman v. Brooklyn College*,
    No. 20-CV-16156 (NGG) (TAM), 2022 WL 43766
    (E.D.N.Y. Jan. 5, 2022) ...................................................................... 15

*Kelly v. N.Y. Civil Serv. Comm'n*,
    632 Fed. Appx. 17 (2d Cir. 2016) ..................................................... 15

*Lapides v. Bd. of Regents of Univ. Sy. of Ga.*,
    535 U.S. 613 (2002) ............................................................................. 9

*McGinty v. N.Y.*,
    251 F.3d 84 (2d Cir. 2001) ................................................................... 8

*Morrison v. National Australia Bank Ltd.*,
    547 F.3d 167 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) ................... 8

*Nat'l R.R. Passenger Corp. v. McDonald*,
    779 F.3d 97 (2d Cir. 2015) ................................................................. 11

*Norwood v. Ruhle*,
    542 Fed. Appx. 83 (2d Cir. 2013) ..................................................... 12

*Papazoni v. Shumlin*,
    No. 5:15-cv-00056, 2015 WL 7281634 (D. Vt. Nov. 17, 2015),
    *appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016) ................... 14

*Paradise Ridge Def. Coal. v. Hartman*,
    757 Fed. Appx. 536 (9th Cir. 2018) .................................................. 12

Page(s)

*Pennhurst State Sch. & Hosp. v. Halderman,*
    465 U.S. 89 (1984) ....................................................................... 8, 9, 15

*Santiago v. N.Y.S. Dept. of Correctional Servs.,*
    945 F.2d 25 (2d Cir. 1991) ........................................................ 10, 11

*Seminole Tribe of Fla. v. Fla.,*
    517 U.S. 44 (1996) ............................................................................ 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.,*
    549 U.S. 422 (2007) ......................................................................... 8

*Smith v. Reagan,*
    841 F.2d 28 (2d Cir. 1988) ............................................................ 9, 10

*Southwest Williamson County Community Ass'n v. Slater,*
    173 F.3d 1033 (6th Cir. 1999) ....................................................... 12

*Steinberg v. Elkman,*
    666 Fed. Appx. 26 (2d Cir. 2016) .................................................. 12

*Tekkno Labs., Inc. v. Perales,*
    933 F.2d 1093 (2d Cir. 1991) .......................................................... 8

*Town of Portsmouth, R.I. v. Lewis,*
    813 F.3d 54 (1st Cir. 2016) ............................................................ 12

*Tuchman v. Conn.,*
    185 F. Supp. 2d 169 (D. Ct. 2002) ................................................ 11

*Walker v. N.Y.S. Justice Ctr. for Protection of People with Special Needs,*
    493 F. Supp. 3d 239 (S.D.N.Y. 2020) ............................................. 8

*Western Mohegan Tribe & Nation v. Orange County,*
    395 F.3d 18 (2d Cir. 2004) ............................................................ 11

## FEDERAL CONSTITUTION

United States Constitution
    Amendment XIV ............................................................................ 10

<u>Page(s)</u>

## FEDERAL STATUTES

Administrative Procedure Act,
5 U.S.C.
    §§ 701 – 706 ................................................................................ 5, 12
    § 701(b) ........................................................................................ 12
    § 702 ............................................................................................ 12
    § 706 ............................................................................................ 12

National Environmental Policy Act,
42 U.S.C.
    §§ 4321 – 4370m-11 ..................................................................... 3
    § 4332(2) ................................................................................... 4, 12
    § 4336(b) ...................................................................................... 4

Value Pricing Pilot Program
23 U.S.C.
    § 149 note ..................................................................................... 3

## FEDERAL REGULATIONS

40 C.F.R.
    § 1506.5(a) ................................................................................ 4, 13

## FEDERAL REGULATORY PUBLICATIONS

88 Fed. Reg. 41998 (June 28, 2023) ............................................... 5

## FEDERAL RULES

Federal Rules of Civil Procedure
    12(b) .......................................................................................... 1, 8
    23(b) ........................................................................................... 16

## STATE CONSTITUTIONS

N.Y.S. Constitution
    Article 1, § 19 ............................................................................. 15

Page(s)

## STATE STATUTES

N.Y. Public Authorities Law

§ 553-j ........................................................................................... 2

§ 553-k ........................................................................................... 2

N.Y. State Administrative Procedure Act

§ 201-a ........................................................................................... 7

§ 202-b ........................................................................................... 7

N.Y. Vehicle & Traffic Law

§§ 1701 – 1706 ............................................................................... 2

§ 1701 ............................................................................................. 2

§ 1704(2) ........................................................................................ 2

§ 1704-a .......................................................................................... 2

§ 1704-a(3) ..................................................................................... 2

§ 1705 ............................................................................................. 2

## PRELIMINARY STATEMENT

The Eleventh Amendment to the United States Constitution bars suits against state agencies.  The Court should accordingly dismiss for lack of subject-matter jurisdiction the causes of action in the *Mulgrew v. United States Department of Transportation* and *New Yorkers Against Congestion Pricing Tax v. United States Department of Transportation* cases to the extent they are pleaded against defendant New York State Department of Transportation ("Department").

There are three exceptions to Eleventh Amendment immunity:  express waiver, abrogation under federal statutes enacted pursuant to certain constitutional provisions, and actions against state officials for prospective relief from ongoing violations of federal law under *Ex parte Young*, 209 U.S. 123 (1908).  None of those exceptions apply here because the Department has not waived immunity, Congress has not abrogated the Department's immunity, and no state official has been sued.  Even if a Department official had been sued, the *Ex parte Young* exception would not apply:  while the Department remains committed to its role as project sponsor for the congestion pricing program, the complaints fail to state a claim for violation of federal law against the Department and thus against any Department official.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court should  dismiss the cases as against the Department with prejudice.  In the event that the Court does not dismiss for the reasons set out in this motion, the Department seeks to dismiss the two cases as against it for the reasons stated in

the motion to dismiss filed by the Metropolitan Transportation Authority ("MTA") and the Triborough Bridge & Tunnel Authority ("Triborough").

**BACKGROUND**

**A.    New York State's Congestion Pricing Statute**

In April 2019, the New York State legislature enacted the Traffic Mobility Act.  N.Y. Vehicle & Traffic L. §§ 1701-1706.  One goal of the Act was to reduce traffic congestion, and related air pollution and other problems, in an area designated as the New York City central business district, which by statute includes all roads in Manhattan south of 60th Street with a few exceptions.  *Id*. §§ 1701, 1704(2).  A second goal of the Act was to create a dedicated funding source for the capital needs of the MTA relating to its subway, bus and commuter rail operations.  *Id*. § 1701.

To achieve these ends, the Act directed Triborough, a public benefit corporation affiliated with the MTA, to establish a plan to set tolls for vehicles entering or remaining in the central business district and to collect those tolls.  *Id*. §§ 1704-a, 1705.  To assist in that rate-setting process, the State Legislature created a new body, the Traffic Mobility Review Board, to provide recommendations regarding congestion toll rates, credits, discounts and exemptions to Triborough for its consideration.  *Id*. § 1704-a(3)(a); N.Y. Pub. Auth. L. § 553-k.

The Traffic Mobility Act does not mention the Department, let alone assign any responsibilities to it.  N.Y. Vehicle & Traffic L. §§ 1701-1706 *passim*; N.Y. Pub. Auth L. §§ 553-j, 553-k *passim*.  As a result, the Department has no authority to set or collect any congestion tolls.

2

**B.      The Federal Highway Administration's Value Pricing Pilot Program**

Because there are highways that have received federal aid in the central business district, Triborough needs to obtain federal permission to implement the tolls.  The Federal Highway Administration provides such authority through its Value Pricing Pilot Program ("Value Program").  *See* 23 U.S.C. § 149 note, https://www.govregs.com/uscode/title23_chapter1_section149_notes; Federal Highway Administration, Value Pricing Pilot Program, https://ops.fhwa.dot.gov/congestionpricing/value_pricing/.  In June 2019, Triborough, along with the Department and the New York City Department of Transportation, as the three sponsors of the tolling program ("Project Sponsors"), submitted an expression of interest to the Highway Administration to obtain congestion tolling authority for Triborough through the Value Program.  *See*, *e.g.*, *Mulgrew* Complaint ¶ 82; *New Yorkers Against* Complaint ¶ 126.

**C.      The National Environmental Policy Act**

The National Environmental Policy Act ("NEPA") requires that federal government agencies undertake an environmental review of many of their proposed actions.  42 U.S.C. §§ 4321 – 4370m-11.  For actions subject to NEPA, the statute imposes on the agency a two-pronged duty to evaluate potential environmental impacts of the proposed action and to inform the public that the agency has performed that evaluation.  *Baltimore Gas & Elec. Co. v. Natural Res. Def. Council*, 462 U.S. 87, 97 (1983).

3

To achieve this end, a federal agency planning to undertake an action subject to NEPA must prepare an environmental assessment that sets forth the agency's determination whether the proposed project will have any "reasonably foreseeable significant effect" on the environment.  42 U.S.C. § 4336(b)(2).  If the environmental assessment finds no such effects, then the agency issues a finding of no significant impact.  *Id.*  If, to the contrary, the assessment does reveal reasonably foreseeable significant environmental impacts, the agency must prepare an environmental impact statement that, among other things, evaluates those impacts.  *Id.* § 4332(2)(C).  Federal agencies may rely on environmental assessments or impact statements prepared by states or others, but retain legal responsibility for the NEPA environmental review.  *See*, *e.g.*, *id.* § 4332(2)(G); 40 C.F.R. § 1506.5(a).

The Highway Administration's decision as to whether to enter into an agreement with the Project Sponsors that would authorize Triborough to implement the congestion pricing program under the Value Program is subject to NEPA.  At the Highway Administration's direction, the Project Sponsors drafted an environmental assessment.  *See* Declaration of Andrew G. Frank (Mar. 18, 2024), Exhibit A (executive summary of environmental assessment).

Among other things, the environmental assessment includes certain mitigation measures designed to prevent the congestion tolls from creating significant environmental impacts.  *Id.* at ES-22, ES-27 – 46.  The Department would be responsible for implementing a few of those mitigation measures, including installing charging stations for electric trucks, monitoring traffic

4

conditions on state highways, implementing traffic management measures such as installing signage to address changes in traffic patterns, and planting vegetation to reduce air pollution from changes in traffic patterns. *Id.* at ES-22, ES-28, ES-38 – 39, ES-44 – 46.

Based on the analysis provided in the environmental assessment, the Highway Administration concluded that there were no reasonably foreseeable significant environmental impacts, and in June 2023 it issued a finding of no significant impact. *See*, *e.g.*, 88 Fed. Reg. 41998, 41998 (June 28, 2023).

## D.    The *Mulgrew* Litigation

On January 4, 2024, the *Mulgrew* plaintiffs filed their original complaint in the Eastern District of New York [*Mulgrew* ECF No. 1].  On January 26, 2024, they filed their amended complaint ("*Mulgrew* Complaint") in that court [*Mulgrew* ECF No. 19].  The case was subsequently transferred to this Court.

The *Mulgrew* Complaint names four federal defendants:  the United States Department of Transportation, the Federal Highway Administration, and two Highway Administration officers.  The complaint also names the following as defendants:  the MTA, Triborough, the Department and the New York City Department of Transportation.

The *Mulgrew* Complaint includes five causes of action.  The first cause of action alleges that the Highway Administration's environmental assessment and finding of no significant impact violate NEPA and the Administrative Procedure Act, 5 U.S.C. §§ 701 – 706.  *Mulgrew* Complaint ¶¶ 145 – 151.  The second cause of

action alleges that there are events subsequent to the issuance of the environmental assessment and finding of no significant impact that require supplementation of the environmental review under NEPA, and that the Highway Administration has violated NEPA by deciding not to undertake such supplementation. *Id.* ¶¶ 152 – 160.

The third cause of action asserts that the congestion tolling violates the dormant commerce clause limitations on state action under the United States Constitution. *Id.* ¶¶ 161 – 168. The fourth cause of action alleges that the tolling violates the right to travel under the United States Constitution. *Id.* ¶¶ 169 – 175. Finally, the fifth cause of action alleges that the congestion pricing program will cause increases in air pollution in violation of the recently adopted Green Amendment to the New York State Constitution, which provides that New Yorkers have a right to "clean air and water, and a healthful environment." *Id.* ¶¶ 176 – 184. There is no allegation in the *Mulgrew* Complaint that the Department has the authority to set or collect congestion tolls, or will in fact do so.

As substantive relief, the *Mulgrew* Complaint requests injunctive and declaratory relief regarding the NEPA review and declaratory relief regarding the alleged constitutional violations. *Id.* at 58.

### E.   The *New Yorkers Against* Litigation

On January 18, 2024, the *New Yorkers Against* plaintiffs filed their original complaint in the Southern District of New York [*New Yorkers Against* ECF No. 1]. On February 26, 2024, they filed their amended complaint [*New Yorkers Against*

ECF No. 51] and for technical reason refiled that amended complaint ("*New Yorkers Against* Complaint") on February 27, 2024 [*New Yorkers Against* ECF No. 54].

The *New Yorkers Against* Complaint names the same defendants as the *Mulgrew* Complaint with one addition, the Traffic Mobility Review Board. The *New Yorkers Against* Complaint includes five causes of action. The first two arise under NEPA, and, with some difference in the detail, parallel the first two causes of action in *Mulgrew*. *New Yorkers Against* Complaint ¶¶ 164 – 176.

The third cause of action asserts that the defendants failed to undertake certain analyses purportedly required under sections 201-a and 202-b of New York's State Administrative Procedure Act. *Id.* ¶¶ 132, 177 – 179. The fourth cause of action seeks class action declaratory and equitable relief for alleged environmental and socioeconomic harm. *Id.* ¶¶ 180 – 184. Finally, the fifth cause of action claims a violation of the Green Amendment, and with some difference in the detail, parallels the Green Amendment cause of action in *Mulgrew*. *Id.* ¶¶ 185 – 189. There is no allegation in the *New Yorkers Against* Complaint that the Department has the authority to set or collect congestion tolls, or will in fact do so.

Similar to the *Mulgrew* Complaint, the *New Yorkers Against* Complaint asks for relief in the form of injunctive and declaratory relief regarding the NEPA review. *Id.* at 56. It also asks for injunctive and declaratory relief regarding compliance with the State Administrative Procedure Act, injunctive and declaratory relief relating to the alleged violation of the Green Amendment, and certification of the classes and appointment of class action counsel. *Id.* at 56 – 57.

## ARGUMENT

### THE COURT DOES NOT HAVE SUBJECT-MATTER JURISDICTION BECAUSE THE ELEVENTH AMENDMENT IMMUNIZES THE DEPARTMENT FROM THESE SUITS

### A. The Eleventh Amendment Bars the Causes of Action Against the Department

Federal Rule of Civil Procedure 12(b)(1) authorizes motions to dismiss for lack of subject-matter jurisdiction, and the plaintiffs bear the burden of establishing such jurisdiction. *See, e.g.*, *Morrison v. National Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010). Before ruling on the merits, a federal court must first determine "that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).

The Eleventh Amendment to the United States Constitution "reflects 'the fundamental principle of sovereign immunity [that] limits the grant of judicial authority in Art. III.'" *Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 64 (1996) (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984)). Accordingly, Eleventh Amendment immunity is a threshold jurisdictional issue. *See, e.g.*, *McGinty v. N.Y.*, 251 F.3d 84, 100 (2d Cir. 2001) (district court lacked subject-matter jurisdiction because of Eleventh Amendment immunity); *Tekkno Labs., Inc. v. Perales*, 933 F.2d 1093, 1097-98 (2d Cir. 1991) (reversing preliminary injunction when the Eleventh Amendment barred the relief granted); *Walker v. N.Y.S. Justice Ctr. for Protection of People with Special Needs*, 493 F. Supp. 3d 239, 246 (S.D.N.Y.

2020) (dismissal under Eleventh Amendment is for lack of subject-matter jurisdiction).

The Eleventh Amendment precludes suits "in which the State or one of its agencies or departments is named as the defendant." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *accord Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990); *see also DeFranco v. Dept. of Envtl. Conserv.*, No. 16-2014, 2017 WL 1497977, at *5 (E.D.N.Y. Apr. 26, 2017) (dismissing claims against New York State agency).  This is so irrespective of the type of relief requested. *Pennhurst*, 465 U.S. at 102; *74 Pinehurst LLC v. N.Y.*, 59 F.4th 557, 570 (2d Cir. 2023) (following *Pennhurst*), *cert. denied*, 2024 WL 674658 (Feb. 20, 2024).

Both the *Mulgrew* Complaint and the *New Yorkers Against* Complaint plead claims against the Department.  Thus, the Eleventh Amendment bars those claims as against the Department unless an exception applies.  As shown below, none do.

## B.   None of the Exceptions to Eleventh Amendment Immunity Apply

There are several exceptions to Eleventh Amendment immunity, but none of them is available to plaintiffs here.  One exception is waiver by the State of its Eleventh Amendment immunity.  *Smith v. Reagan*, 841 F.2d 28, 30 (2d Cir. 1988); *see also Lapides v. Bd. of Regents of Univ. Sy. of Ga.*, 535 U.S. 613, 618 – 624 (2002) (state removal of action to federal court constituted Eleventh Amendment waiver).  A state's waiver of Eleventh Amendment immunity only occurs "by the most express language" or by "overwhelming implications from [a] text [that] leave no room for any other reasonable construction." *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

The Department has not waived its Eleventh Amendment immunity with regard to this litigation or, more generally, NEPA claims, dormant commerce clause or right-to-travel claims, Green Amendment claims, State Administrative Procedure Act claims or class action claims, nor does the *Mulgrew* Complaint or the *New Yorkers Against* Complaint allege that the Department has.

A second exception arises if Congress has abrogated Eleventh Amendment immunity through legislation enacted under section 5 of the Fourteenth Amendment to the United States Constitution. *Smith*, 841 F.2d at 30. That section authorizes Congress to enact laws enforcing the rights or restrictions established in the Fourteenth Amendment relating to citizenship, due process, equal protection, voting, service in the federal government and public debt of the United States. U.S. Const., Amend. XIV. Similarly, Congress may abrogate Eleventh Amendment immunity through legislation enacted under the Constitution's Bankruptcy Clause. *Central Va. Community College v. Katz*, 546 U.S. 356, 369 – 378 (2006).

Congressional intent to abrogate such immunity must be "unmistakably clear in the language of the statute." *Santiago v. N.Y.S. Dept. of Correctional Servs.*, 945 F.2d 25, 29 (2d Cir. 1991) (quoting *Dellmuth v. Muth*, 491 U.S. 223, 228 (1989)). Neither of the two federal statutes invoked in these two cases—NEPA and the federal Administrative Procedure Act—was enacted under section 5 of the Fourteenth Amendment or under the Bankruptcy Clause, or contains such unmistakable abrogation language.

Finally, *Ex parte Young*, 209 U.S. 123 (1908), allows a claim against a state official when the claim "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." *Western Mohegan Tribe & Nation v. Orange County*, 395 F.3d 18, 21 (2d Cir. 2004). Since neither the *Mulgrew* Complaint nor the *New Yorkers Against* Complaint names an officer of the Department as defendant, this exception does not apply. *See*, *e.g.*, *Santiago*, 945 F.2d at 32.

Even if those complaints named a Department official, *Ex parte Young* would not apply because the plaintiffs have no basis for claiming that the Department has violated federal law and thus no basis for arguing that a Department official has. A state official may be sued under *Ex parte Young* only to enjoin a violation of federal law. *Western Mohegan Tribe & Nation*, 395 F.3d at 21; *Nat'l R.R. Passenger Corp. v. McDonald*, 779 F.3d 97, 100 (2d Cir. 2015) (*Ex parte Young* allows "suits against state officers alleging a violation of federal law and seeking injunctive relief that is prospective in nature"); *HealthNow N.Y. Inc. v. N.Y.*, 739 F. Supp. 2d 286, 294 (W.D.N.Y. 2010) ("A plaintiff properly invokes the *Ex parte Young* exception only when state officials are actively violating federal law or imminently threatening acts that the plaintiff challenges as unconstitutional") (citation and internal quotation marks omitted), *aff'd*, 448 Fed. Appx. 79 (2d Cir. 2011) (summary order). Thus, *Ex parte Young* does not apply when "the allegations in the complaint fail to state a violation of federal law" against a state official. *Tuchman v. Conn.*, 185 F. Supp. 2d 169, 175 (D. Ct. 2002). As explained below, the causes of action asserted in *Mulgrew* and *New Yorkers Against* for violations of NEPA, the federal

Constitution, and state law, and for class-action relief all fail to state a claim against the Department and thus would fail to state a claim if repleaded against a Department official, making the *Ex parte Young* exception unavailable.  *See*, *e.g.*, *Steinberg v. Elkman*, 666 Fed. Appx. 26, 28 (2d Cir. 2016) (summary order) (*Ex parte Young* did not apply when governor did not enforce or review decisions being contested); *Norwood v. Ruhle*, 542 Fed. Appx. 83, 84 (2d Cir. 2013) (summary order) (*Ex parte Young* did not apply when state officials did not have relevant legal authority).

1.   *The NEPA Causes of Action Would Fail to State a Claim Against a Department Official*

Because NEPA creates no cause of action, claims for violation of NEPA are brought under the federal Administrative Procedure Act, 5 U.S.C. §§ 701 – 706. *See*, *e.g., Brodsky v. U.S. Nuclear Reg. Comm'n*, 704 F.3d 113, 119 (2d Cir. 2013). But state agencies or state officials are not subject to suit under the Administrative Procedure Act.  *See*, *e.g.*, 5 U.S.C. §§ 701(b)(1), 702, 706; *Town of Portsmouth, R.I. v. Lewis*, 813 F.3d 54, 64 (1st Cir. 2016); *Southwest Williamson County Community Ass'n v. Slater*, 173 F.3d 1033, 1035 – 36 (6th Cir. 1999) (citing cases).  Accordingly, no valid Administrative Procedure Act cause of action for violation of NEPA would lie against any Department official.

In addition, NEPA is a federal statute that governs federal agencies and creates no legal obligations for state agencies like the Department or state officials. *See*, *e.g.*, 42 U.S.C. § 4332(2) (setting out requirements for "all agencies of the Federal Government"); *Paradise Ridge Def. Coal. v. Hartman*, 757 Fed. Appx. 536,

538 (9th Cir. 2018) ("NEPA applies to federal agencies, not state agencies"); *Goos v. Interstate Commerce Comm'n*, 911 F.2d 1283, 1293 (8th Cir. 1990) (NEPA "focuses on activities of the federal government and does not require federal review of the environmental consequences of private decisions or actions, or those of state or local governments") (citation and internal quotation marks omitted). Inasmuch as NEPA does not apply to state officials, it imposes no duties on those officials, and no valid cause of action for violation of the duties exists. *See*, *e.g.*, *Garcia v. Akwesasne Housing Auth.*, 268 F.3d 76, 88 (2d Cir. 2001) (*Ex parte Young* exception is available only if the law invoked "appl[ies] substantively to the agency").

It is true that the Department, as a Project Sponsor of the congestion pricing program, participated in preparation of the environmental assessment that the Federal Highway Administration issued and relied on in issuing its finding of no significant impact under NEPA. The Department believes that the assessment comprehensively evaluates all potential environmental impacts from the program, and thus disagrees that the assessment has any material NEPA defect.

But even if there were such a defect, any challenge to the issuance of the finding or the assessment would lie against one or more federal defendants, not the Department. *See*, *e.g.*, 40 C.F.R. § 1506.5(a) (federal agency "is responsible for the accuracy, scope . . . and content of environmental documents prepared . . . by an applicant"). In addition, as stated above (at 4 – 5), upon implementation of the program the Department would have limited responsibility for certain mitigation

measures.  But those are not statutorily required, and in any event the plaintiffs have identified no purported legal defect in those measures.

> 2.    *The Federal Constitutional Causes of Action Would Fail to State a Claim Against a Department Official*

As noted above, two of the *Mulgrew* claims assert violation of the United States Constitution, namely, the dormant commerce clause and the right to travel. Again, the Department does not believe any such violation has occurred or will occur as a result of the congestion tolling program.

But even if there were such a violation, it would arise from the tolls over which the Department has no responsibility.  *See*, *e.g.*, *Mulgrew* Complaint ¶¶ 79, 164 – 168, 172 – 175 (not identifying any role of the Department in setting or collecting congestion tolls and describing purported unconstitutional impacts of such tolls).  Thus any claim of such violation would not lie against any Department official.  *See*, *e.g.*, *Collins v. City Univ. of N.Y.*, No. 21 Civ. 9544 (NRB), 2023 WL 1818547, at *5 (S.D.N.Y. Feb. 8, 2023) (*Ex parte Young* did not apply to officers who lacked authority over disputed issue); *see also Carvel v. Cuomo*, 357 Fed. Appx. 382, 383 (2d Cir. 2009) (complaint failed to state a claim for violation of federal law when it did not allege that state official violated any federal laws or had any involvement in constitutional violations); *Papazoni v. Shumlin*, No. 5:15-cv-00056, 2015 WL 7281634, at  *2 n.2 (D. Vt. Nov. 17, 2015) (same)*, appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016).

14

### 3. The State-Law Causes of Action Would Fail to State a Claim Against a Department Official

"It is well-established that '[t]he Eleventh Amendment bars federal suits against state officials on the basis of state law.'" *Carvel*, 357 Fed. Appx. at 383 (quoting *Allen v. Cuomo*, 100 F.3d 253, 260 (2d Cir. 1996)); *see also Kelly v. N.Y. Civil Serv. Comm'n*, 632 Fed. Appx. 17, 18 (2d Cir. 2016) (summary order) (*Ex parte Young* "does not allow a federal court to issue an injunction for a violation of state law") (citing *Pennhurst*, 465 U.S. at 106); *Huffman v. Brooklyn College*, No. 20-CV-16156 (NGG) (TAM), 2022 WL 43766, at *2 (E.D.N.Y. Jan. 5, 2022) (*Ex parte Young* did not apply to claims under state and municipal law). Accordingly, no cause of action against any state official is available for purported violations of the Green Amendment or the State Administrative Procedure Act.

Even if such state-law relief were otherwise available under *Ex parte Young*, however, it would not be available here for the same reasons as for the federal constitutional causes of action. The new Green Amendment to New York State's Constitution provides that "[e]ach person shall have a right to clean air and water, and a healthful environment." N.Y.S. Const., Art. 1, § 19. Triborough has not yet set the congestion tolls and thus there has been no action that might affect air, water or other aspects of the environment. Even if there were such a violation, however, it would not be the predicate for a valid claim against the Department or any of its officials given that the Department has no role in setting or collecting the tolls.

The *New Yorkers Against* Complaint's State Administrative Procedure Act claims relate solely to the rate-making process for setting congestion tolls, which is solely Triborough's responsibility. *See, e.g.*, *New Yorkers Against* Complaint ¶¶ 177 – 179 & page 56. So again, while the Department does not believe that there is or will be any violation of that Act, the Department and its officers are not responsible for any compliance with, or purported violations of, that Act relative to the congestion pricing program.

### 4. The Cause of Action for Class Action Relief Would Fail to State a Claim Against a Department Official

As pleaded, the cause of action for class action relief in the *New Yorkers Against* Complaint provides no additional legal basis for an award of class action relief against the Department or any other defendant. *See, e.g.*, *New Yorkers Against* Complaint ¶¶ 180 – 184 & pages 56 – 57. Instead, it relies on the same NEPA and State Administrative Procedure Act legal arguments already addressed. *See, e.g.*, *id.* ¶¶ 157, 181. In addition, granting class action status here would be inefficient and thus contrary to Federal Rule of Civil Procedure 23(b)(3), since any relief to which the putative plaintiff classes might be entitled could be granted on behalf of the named plaintiffs, and benefit the putative class members, without the parties and the Court engaging in the time-consuming class-action certification process. Accordingly, no such cause of action would lie against any Department official.

## **CONCLUSION**

The Court should grant this motion and dismiss the Department from these

cases with prejudice.

Dated:  New York, New York
        March 18, 2024

Respectfully submitted,

LETITIA JAMES,
ATTORNEY GENERAL OF THE STATE
OF NEW YORK

By:   */s/ Andrew G. Frank*
        Andrew G. Frank
        Assistant Attorney General
        New York State Attorney General's
          Office
        28 Liberty Street
        New York, NY 10005
        Telephone:  (212) 416-8271
        E-mail:       andrew.frank@ag.ny.gov

*Attorneys for Defendant New York State*
*Department of Transportation*

17