UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
MICHAEL MULGREW, *et al.*,

                                                Plaintiffs,

                      v.                              Case No. 24-cv-01644-LJL

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                                               Defendants.
-------------------------------------------------------------------------X

**MOTION BY NEW YORK CITY MUNICIPAL LABOR COMMITTEE
FOR LEAVE TO FILE AN *AMICUS CURIAE* BRIEF
IN SUPPORT OF PLAINTIFFS' OPPOSITION
TO DEFENDANTS' MOTIONS TO DISMISS**

The New York City Municipal Labor Committee ("MLC") respectfully requests leave to file the accompanying *amicus curiae* brief in support of Plaintiffs' opposition to Defendants' motions to dismiss (ECF No. 62).

## INTEREST OF THE MLC

The MLC is an unincorporated association of municipal labor organizations that operate in and around New York City. It was created pursuant to a memorandum dated March 31, 1966, and is codified at section 12-303(k) of the New York City Administrative Code. As an umbrella organization, the MLC consists of over 100 unions that represent approximately 390,000 active municipal employees, both uniformed (i.e., employees of the New York City Fire Department, Police Department, Department of Sanitation, and Department of Corrections) and civilian (i.e., non-uniformed employees), who not only serve the residents of New York City ("City"), but also largely reside there and in the communities surrounding it. The MLC works to promote the interests of its constituent member unions and their respective members, including advancing the health and welfare of public sector employees as well as the terms and conditions of their employment.

Defendants' congestion pricing program will disproportionately impact public sector employees who live and work in the communities surrounding New York City's Central Business District ("CBD"), as well as those who must commute into it for their jobs. Congestion pricing will negatively affect the health and welfare of the former group and create additional economic costs and stresses for the latter group. Because the MLC works to safeguard the health and working conditions of the City's municipal workforce, it has a strong interest in the outcome of this matter.

## ARGUMENT

This Court has discretion when considering whether to grant a motion to file an *amicus curiae* brief. *C&A Carbone, Inc. v. County of Rockland*, No. 08 CIV. 6459 ER, 2014 U.S. Dist. LEXIS 38658, at *12 (S.D.N.Y. Mar. 24, 2014) (citing *Lehman XS Trust, Series 2006-GPS v. Greenpoint Mortg. Funding, Inc.*, No. 12 CIV. 7935 ALC, 2014 U.S. Dist. LEXIS 11170, at *1 (S.D.N.Y. Jan. 23, 2014)). Courts allow the filing of an *amicus* brief "when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Id.* (citing *Ryan v. Commodity Futures Trading Comm'n*, 125 F.3d 1062, 1063 (7th Cir. 1997)).

The MLC brings this Court a unique perspective that is not represented by the parties in this matter. As discussed in the attached proposed *amicus* brief,[1] many municipal employees live and work in communities that adjoin the CBD. As recognized by Defendants' Environmental Assessment, these neighborhoods will incur increased air pollution as a result of traffic diverting around the CBD. The displacement of air pollution and its deleterious effects from the CBD to the residential communities surrounding it unfairly impacts the employees and their families who live there.

Moreover, many municipal employees must report to work in the CBD because the nature of their duties, like law enforcement, emergency services, sanitation services, and maintenance, requires their presence. They do not have the luxury of being able to work remotely. Additionally, even more City employees will be compelled to pay around $3,500 per year (a year or two worth of raises) to drive into the CBD because they lack adequate access to

---

1. No party's counsel authored any part of the MLC's proposed brief. No party, party's counsel, person, or entity other than the MLC and its members contributed money that was intended to fund the preparation or submission of this brief. Note that Plaintiffs Michael Mulgrew and United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO, are members of the MLC.

public transit, or because they work hours when public transportation runs infrequently or is deserted. These employees, whose services are vital to the City's operations, mitigate these issues by using their personal vehicles, yet no accommodation is made for them under Defendants' congestion pricing plan, and no improvement of public transit was made ahead of the plan (as was done in London, United Kingdom, and Stockholm, Sweden) to address these critical issues.

The MLC's proposed brief brings light to these issues and therefore provides an important context in which to consider Defendants' motions. These considerations may be lost in Defendants' attempt to elude review by asserting that their Environmental Assessment was "final," even though it was contingent on a final toll schedule that was not settled until a year after publication. By the time Defendants' alleged supplemental review of their Environmental Assessment is completed, tolling in the CBD will commence, as Defendants have declared that it will begin in June 2024. That will leave no time for the City's workforce to raise these issues before the Court without first having to suffer congestion pricing's costly toll and adverse consequences to their commutes and communities.

## CONCLUSION

For the foregoing equitable reasons, the MLC respectfully requests that this Court accept the attached *amicus curiae* brief in support of Plaintiffs in this matter.

Dated:   Lake Success, New York
         April 17, 2024

Harry Greenberg
Daniel Doeschner
Greenberg Burzichelli Greenberg P.C.
3000 Marcus Avenue, Suite 1W7
Lake Success, NY 11042
(516) 570-4343
hgreenberg@gbglawoffice.com
ddoeschner@gbglawoffice.com