UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------- x
ELIZABETH CHAN, *et al.*,

                Plaintiffs,

      v.                                   No. 1:23-cv-10365-LJL

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                Defendants.
--------------------------------------------------------------------- x
MICHAEL MULGREW, *et al.*,

                Plaintiffs,

      v.                                   No. 1:24-cv-01644-LJL

UNITED STATES DEPARTMENT OF
TRANSPORTATION, *et al.*,

                Defendants.
--------------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW OF DEFENDANTS NEW YORK STATE
DEPARTMENT OF TRANSPORTATION AND STEPHANIE WINKELHAKE,
P.E., IN FURTHER SUPPORT OF THEIR MOTIONS TO DISMISS, AND
MEMORANDUM OF LAW OF THE NEW YORK STATE DEPARTMENT
OF TRANSPORTATION IN OPPOSITION TO THE *MULGREW*
PLAINTIFFS' CROSS-MOTION FOR LEAVE TO AMEND**

                                                  LETITIA JAMES
                                                  Attorney General of the State of New York
                                                  New York State Attorney General's Office
                                                  28 Liberty Street
                                                  New York, New York 10005
                                                  Telephone:  (212) 416-8271

ANDREW G. FRANK
Assistant Attorney General
        *Of Counsel*

April 22, 2024

## **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .................................................................................................. 1

STANDARD OF REVIEW ......................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

THE ELEVENTH AMENDMENT IMMUNIZES THE DEPARTMENT
AND ITS OFFICIAL FROM THESE SUITS ............................................................................. 3

    A.    There Is No "Sufficient Connection" Jurisdiction over Ms.
           Winkelhake ............................................................................................................ 4

    B.    There Is No Jurisdiction over Ms. Winkelhake Based on
           Enjoining Congestion Pricing ............................................................................... 9

CONCLUSION ........................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

### FEDERAL DECISIONS

*Alstom Brasil Energia e Transporte Ltda. v. Mitsui Sumitomo Seguros S.A.*,
   No. 15 Civ. 8221 (AKH), 2016 WL 9781812 (S.D.N.Y. Dec. 28, 2016) ........... 12

*Biderman v. Morton*,
   497 F.2d 1141, 1145 (2d Cir. 1974) ............................................................... 10

*Carvel v. Cuomo*,
   357 F. App'x 382 (2d Cir. 2009) ....................................................................... 9

*Citizens for Smart Growth v. Sec'y of the Dept. of Transportation*,
   669 F.3d 1203 (11th Cir. 2012) ...................................................................... 10

*Collins v. City Univ. of N.Y.*,
   No. 21 Civ. 9544 (NRB), 2023 WL 1818547 (S.D.N.Y. Feb. 8, 2023) ............... 8

*Dalsis v. Hills*,
   424 F. Supp. 784 (W.D.N.Y. 1976) ................................................................. 10

*Ex parte Young*,
   209 U.S. 123 (1908) ......................................................................................... 1

*Foundation on Economic Trends v. Heckler*,
   756 F.2d 143 (D.C. Cir. 1985) ........................................................................ 10

*Fund for Animals, Inc. v. Lujan*,
   962 F.2d 1391 (9th Cir. 1992) ........................................................................ 10

*George & Co. v. Spin Master Corp.*,
   No. 19-CV-04391 (RPK) (SJB), 2020 WL 7042665
   (E.D.N.Y. Nov. 30, 2020) ................................................................................ 12

*Kirk v. Heppt*,
   423 F. Supp. 2d 147 (S.D.N.Y. 2006) ............................................................... 2

*Kostok v. Thomas*,
   105 F.3d 65 (2d Cir. 1997) ............................................................................... 4

Page(s)

*In re Dairy Mart Convenience Stores, Inc.*,
    411 F.3d 367 (2d Cir. 2005) ............................................................................... 4, 5

*McKethan v. N.Y.S. Dept. of Correctional Servs.*,
    No. 10 Civ. 3826 (PAE), 2012 WL 2367033 (S.D.N.Y. June 21, 2012) ............. 5

*Papazoni v. Shumlin*,
    No. 5:15-cv-00056, 2015 WL 7281634 (D. Vt. Nov. 17, 2015),
    *appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016) .................................... 9

*Prins v. Coughlin*,
    76 F.3d 504 (2d Cir. 1996) ................................................................................. 2

*Proetta v. Dent*,
    484 F.2d 1146 (2d Cir. 1973) ........................................................................... 10

*Pugh v. Goord*,
    571 F. Supp. 2d 477 (S.D.N.Y. 2008) ................................................................ 5

*Save the Courthouse Committee v. Lynn*,
    408 F. Supp. 1323 (S.D.N.Y. 1975) ................................................................. 10

*Selevan v. N.Y. Thruway Auth.*,
    584 F.3d 82 (2d Cir. 2009) ................................................................................. 8

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007) ........................................................................................... 3

*Steffel v. Thompson*,
    415 U.S. 452 (1974) .................................................................................... 11, 12

*Surprenant v. Mass. Turnpike Auth.*,
    No. 09-CV-10428-RGS, 2010 WL 785306 (D. Mass. Mar. 4, 2010) ................. 8

*Williams v. Citigroup Inc.*,
    659 F.3d 208 (2d Cir. 2011) ............................................................................... 3

**FEDERAL STATUTES**

42 U.S.C.
    § 4332(2)(G) ...................................................................................................... 6

Page(s)

**FEDERAL REGULATIONS**

23 C.F.R.
 § 771.119 ...................................................................................................... 7
 § 771.119(i) .................................................................................................. 7

40 C.F.R.
 § 1506.5(a) ................................................................................................... 6

## PRELIMINARY STATEMENT

The New York State Department of Transportation ("Department") and its chief engineer, Stephanie Winkelhake, P.E., have moved to dismiss the causes of action against them in *Chan* and *Mulgrew* on the ground that they are barred by the Eleventh Amendment. Plaintiffs do not deny that the Court has no jurisdiction over any claims, under federal or state law, against the Department itself. They also state that they do not assert their cause of action under the New York Constitution's Green Amendment against Ms. Winkelhake. As a result, the Court should dismiss all of the claims against the Department as well as the Green Amendment claim as against Ms. Winkelhake.

Plaintiffs contend, however, that the Eleventh Amendment does not bar the claims against Ms. Winkelhake for alleged violations of the federal National Environmental Policy Act ("NEPA") and the dormant commerce clause and right-to-travel protections of the United States Constitution for two reasons. First, they argue that the chief engineer is "sufficiently connect[ed]" to any such violations to allow jurisdiction under *Ex parte Young*, 209 U.S. 123 (1908). But the Court would have jurisdiction over the chief engineer only if she were responsible for the violations of federal law claimed by plaintiffs, which plaintiffs have not shown.

Second, plaintiffs argue that the Court has jurisdiction over the NEPA claims against Ms. Winkelhake under an exception to Eleventh Amendment immunity that allows a suit against a state official to enjoin a project receiving federal funding or subject to federal approval that does not comply with NEPA. Such jurisdiction

does not exist here for two reasons.  First, the complaints do not seek an injunction to stop implementation of the congestion tolling.  Second, an injunction against Ms. Winkelhake would not be necessary or sufficient to stop the tolling because neither the chief engineer nor any other Department official has power over the tolling, which by statute is solely the responsibility of the Triborough Bridge and Tunnel Authority ("Triborough").

## STANDARD OF REVIEW

The Department and Ms. Winkelhake have already set out the governing legal standards for their motions to dismiss in the *Chan* and *Mulgrew* matters in the opening briefs on those motions.  Memorandum of Law of Defendant N.Y.S. Department of Transportation in Support of its Motion to Dismiss ("Dept. Br.") at 8-9 (Mar. 18, 2024) [*Mulgrew* ECF No. 50]; Memorandum of Law of Defendant Stephanie Winkelhake, P.E., in Her Official Capacity as Chief Engineer of the N.Y.S. Dept. of Transportation, in Support of Her Motion to Dismiss (" Winkelhake Br.") at 7-8 (Apr. 1, 2024) [*Chan* ECF No. 62].  As for the *Mulgrew* cross-motion to amend, plaintiffs are correct that futility of amendment is a ground to deny such motions.  *See, e.g.*, *Prins v. Coughlin*, 76 F.3d 504, 507 (2d Cir. 1996) (denying leave to amend when defendant officials were not expected to consider the complained-of issues); *Kirk v. Heppt*, 423 F. Supp. 2d 147, 151 (S.D.N.Y. 2006) (denying leave to amend when proposed amendments failed to state a cause of action under the governing statute).

2

Plaintiffs argue that federal courts have a preference for resolving disputes on the merits, Memorandum of Law in Opposition to Defendants' Motions to Dismiss and in Support of Plaintiffs' Cross-Motion to Amend ("*Mulgrew* Pls. Br.") at 35 (Apr. 5, 2024) (citing *Williams v. Citigroup Inc.*, 659 F.3d 208, 212-213 (2d Cir. 2011)) [*Mulgrew* ECF No. 62], but courts may not do so if they have no subject-matter jurisdiction, Dept. Br. at 8 (citing *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007)); Winkelhake Br. at 7 (same).

## ARGUMENT

### THE ELEVENTH AMENDMENT IMMUNIZES THE DEPARTMENT AND ITS OFFICIAL FROM THESE SUITS

As the Department has explained, the Eleventh Amendment bars the claims against it because its immunity has not been abrogated or waived. Dept. Br. at 8-10. As Ms. Winkelhake has explained, the Eleventh Amendment also bars the claims against her because a state official may be sued under the *Ex parte Young* exception only for an alleged violation of federal law, and plaintiffs have failed to state a claim against her for a violation of federal law. Winkelhake Br. at 10-15.

Plaintiffs do not deny that the Eleventh Amendment bars all of their claims against the Department, and they state that they do not allege their claim under the New York Constitution's Green Amendment against Ms. Winkelhake. Memorandum of Law in Opposition to Defendant Stephanie Winkelhake's Motion to Dismiss ("*Chan* Pls. Br.") at 2 n.2 (Apr. 15, 2024) [*Chan* ECF No. 77]. As a result, the Court should dismiss those claims.

Instead, the plaintiffs argue only that the Eleventh Amendment does not immunize Ms. Winkelhake from suit for alleged violations of federal law for two reasons: first, because she is "sufficiently connect[ed]" to the alleged violations of NEPA and the United States Constitution; and second, because the Court could enjoin her to stop congestion pricing from proceeding. Neither argument bears scrutiny. As a result, the federal claims against her in *Chan* should be dismissed and the *Mulgrew* plaintiffs' motion to substitute Ms. Winkelhake as a defendant for the Department should be denied as futile.

### A. There Is No "Sufficient Connection" Jurisdiction over Ms. Winkelhake

As stated in *Kostok v. Thomas*, 105 F.3d 65, 68 (2d Cir. 1997), which plaintiffs cite, *Chan* Pls. Br. at 6, the *Ex parte Young* exception to Eleventh Amendment immunity requires an allegation that a state official has violated the United States Constitution or a federal statute. Plaintiffs have identified no such violation for which the Department or its chief engineer is responsible. Instead, they argue that *Ex parte Young* applies here because Ms. Winkelhake has a "sufficient connection" with the violations of federal law that they claim. However, the decisions they rely on rule that a state official may be sued only where a plaintiff alleges that the official has violated federal law—not where, as here, an agency official has been sued for alleged violations of federal law committed by other agencies. See *Mulgrew* Pls. Br. at 37; *Chan* Pls. Br. at 8.

For example, in *In re Dairy Mart Convenience Stores, Inc.*, 411 F.3d 367, 373 (2d Cir. 2005), the court allowed Kentucky officials to be sued where the plaintiff

4

alleged that its reimbursement claims had been rejected by the relevant agency in violation of the Bankruptcy Code, and the officials were responsible for approving or rejecting such claims at the agency or had oversight authority over the agency, *id.* at 369-70. In *McKethan v. N.Y.S. Dept. of Correctional Servs.*, No. 10 Civ. 3826 (PAE), 2012 WL 2367033, at *2 (S.D.N.Y. June 21, 2012), an inmate sued a prison official for alleged rights violations related to religious observances and asserted that the official was responsible for prison religious policy and related decisionmaking, but the claims against the official were dismissed because the official had retired and thus no longer had any such responsibility, *id.* at *1-*2. *See also Pugh v. Goord*, 571 F. Supp. 2d 477, 517 (S.D.N.Y. 2008) (prison employees "all had personal involvement in the violations of plaintiffs' rights to a reasonable exercise of their Shi'ite beliefs").

As the Department has explained, neither the Department nor Ms. Winkelhake could have violated NEPA or the federal constitutional provisions raised by plaintiffs because the federal defendants have sole responsibility for NEPA compliance and Triborough has sole responsibility for setting and collecting tolls under the Traffic Mobility Act, which gives rise to plaintiffs' federal constitutional claims. *See* Dept. Br. at 2, 3-4, 12-14; Winkelhake Br. at 2-3, 3-4, 11-13. Plaintiffs do not contend otherwise.

*NEPA violations.* Plaintiffs describe the responsibilities of the Federal Highway Administration ("Highway Administration") under NEPA without mention of any obligations of the Department or any Department official. *Mulgrew* Pls. Br.

5

at 9-10; *Chan* Pls. Br. at 3-4. While the Department helped prepare the environmental assessment, plaintiffs do not allege that the chief engineer or other Department official had any involvement in the Highway Administration's internal decisionmaking processes for the assessment or for the finding of no significant impact, which are solely federal defendants' responsibility. The plaintiffs identify "connections" with the environmental assessment process more generally, such as the Department's responsibility to install electric truck charging stations or perform other mitigation measures. *Mulgrew* Pls. Br. at 38; *Chan* Pls. Br. at 9. But they do not explain how such measures—which would benefit plaintiffs and others—relate to the NEPA claims: implementation of mitigation has no relationship to the alleged NEPA violations.

Thus, while the *Chan* plaintiffs suggest that the Department's and Ms. Winkelhake's argument that NEPA—and the Administrative Procedure Act, under which NEPA is enforced—only apply to federal agencies or officials is merely a "distraction," *Chan* Pls. Br. at 12, it is the governing law. And plaintiffs' argument that a federal agency may rely on an environmental assessment prepared by a state agency, *id.*, ignores that, regardless of who prepares the assessment, responsibility for NEPA compliance lies solely with the federal defendants, as acknowledged by the Highway Administration. *Chan* Administrative Record at DOT_0000363 (Highway Administration "takes full responsibility for the accuracy, scope, and contents" of the environmental assessment); *see also* 42 U.S.C. § 4332(2)(G); 40 C.F.R. § 1506,5(a). Nor is it correct, as claimed by plaintiffs, *Chan* Pls. Br. at 5,

6

that federal regulations require the Department or Ms. Winkelhake to "prepare an EIS":  the provision plaintiffs cite, 23 C.F.R. § 771.119(i), does not mention project applicants, much less impose requirements on them.  *See also* 23 C.F.R. § 771.119 *passim* (Highway Administration NEPA regulation setting out procedures for applicants seeking Highway Administration approvals to follow in preparing environmental assessments subject to final review and approval by the Highway Administration).

*Federal constitutional violations.*  The violations of the federal dormant commerce clause and the right to travel that plaintiffs allege would arise only from the congestion tolls, which are Triborough's responsibility.  Plaintiffs do not allege that the chief engineer or any other Department official had or will have any "connection" to setting or collecting the tolls.  They cite the environmental assessment for the proposition that the project sponsors began work "developing proposals" for congestion pricing after enactment of the Traffic Mobility Act, *Chan* Pls. Br. at 3 (citing *Chan* Administrative Record at DOT_0036154), but the page they cite does not indicate that the Department or its chief engineer had any input into the tolling scenarios developed for the assessment or, more importantly, the final tolls selected, an issue that by state statute is solely Triborough's responsibility.  And again plaintiffs describe Triborough's responsibilities for setting and collecting tolls under the Traffic Mobility Act without mention of any responsibility on the part of the Department or any Department official for the tolling decisions.  *See Mulgrew* Pls. Br. at 8-9; *Chan* Pls. Br. at 2-3.

The *Chan* plaintiffs argue that jurisdiction over the alleged federal constitutional claims against Ms. Winkelhake exists because the Court's evaluation of those claims requires balancing of the burden on interstate commerce against local benefits. *Chan* Pls. Br. at 10 (citing *Selevan v. N.Y. Thruway Auth.*, 584 F.3d 82, 95 (2d Cir. 2009); *Surprenant v. Mass. Turnpike Auth.*, No. 09-CV-10428-RGS, 2010 WL 785306, at *8 (D. Mass. Mar. 4, 2010)). Assuming that would be the correct constitutional standard here, the cited cases do not establish that consideration of such benefits requires that a state official with no responsibility for the act that purportedly violates the Constitution—here, the tolling—be a defendant or that the Department's provision of local benefits without any such responsibility violates the Constitution.

Finally, plaintiffs unsuccessfully attempt to distinguish three decisions that the Department and Ms. Winkelhake cited. *Mulgrew* Pls. Br. at 39-40 & n.36; *Chan* Pls. Br. at 10-12. As plaintiffs state, *Chan* Pls. Br. at 10, in *Collins v. City Univ. of N.Y.*, No. 21 Civ. 9544 (NRB), 2023 WL 1818547, at *5 (S.D.N.Y. Feb. 8. 2023), the court held it had jurisdiction over claims against officials who were members of the body responsible for the decisions alleged to violate the relevant constitutional protections and *not* over claims against those who (no longer) had such responsibility. Here, neither the Department nor its chief engineer have ever had responsibility for the federal defendants' NEPA decisions or Triborough's tolling decisions, so under *Collins* no valid claim lies against Ms. Winkelhake.

8

As regards *Carvel v. Cuomo*, 357 F. App'x 382, 383 (2d Cir. 2009), contrary to plaintiffs' contention, *Chan* Pls. Br. at 11, the Department's role in helping to prepare the environmental assessment for review by the federal defendants or in undertaking future mitigation measures does not create jurisdiction. As was the case for the defendant New York State Attorney General in *Carvel*, the Department and its chief engineer do not have responsibility for the actions that allegedly violated federal law, here, the federal defendants' approval of the assessment and issuance of a finding of no significant impact, and Triborough's tolling decisions.

As for *Papazoni v. Shumlin*, No. 5:15-cv-00056, 2015 WL 7281634, at *2 n.2 (D. Vt. Nov. 17, 2015)*, appeal dismissed*, 2016 WL 11848846 (Sept. 7, 2016), plaintiffs note that other issues such as *res judicata* were involved in that case, *Chan* Pls. Br. at 11. Nonetheless, on two new issues not previously addressed, the decision held that the court had no jurisdiction over the claims against the Vermont Governor because he was not "responsible for any alleged wrongdoing." *Id.* at *3. Thus, as the Department and Ms. Winkelhake previously demonstrated, these three decisions stand for the proposition that a cause of action does not lie against a government official who does not have responsibility for the act complained of, so that no subject-matter jurisdiction over such a claim exists under *Ex parte Young*. Dept. Br. at 14; Winkelhake Br. at 13-14.

### B. There Is No Jurisdiction over Ms. Winkelhake Based on Enjoining Congestion Pricing

Plaintiffs also argue that the Court has jurisdiction over against Ms. Winkelhake because the Eleventh Amendment allows claims against state officials

9

to enjoin the state agency from continuing with a project subject to federal review under NEPA. *Mulgrew* Pls. Br. at 39; *Chan* Pls. Br. at 12-13. While the Second Circuit has acknowledged such jurisdiction, the basis for it is not that a nonfederal actor is subject to NEPA. *Biderman v. Morton*, 497 F.2d 1141, 1145, 1147 (2d Cir. 1974) (the proposition that NEPA "imposes a duty directly upon non-federal entities . . . has already been foreclosed by a number of appellate decisions").[1]

Instead, the basis is that injunctive relief against the nonfederal actor may be necessary to prevent that actor from completing the project before the federal agency has provided proper NEPA review. *Biderman*, 497 F.2d at 1147 (injunction "pending completion" of the NEPA review). *See also Foundation on Economic Trends v. Heckler*, 756 F.2d 143, 155 (D.C. Cir. 1985) (citing *Biderman* and ruling that an injunction to prevent a nonfederal actor from proceeding with project could issue if federal action failed to comply with NEPA); *Proetta v. Dent*, 484 F.2d 1146, 1148-49 (2d Cir. 1973) (facts did not "warrant restraint" of a nonfederal actor for federal agency's lack of NEPA compliance); *Dalsis v. Hills*, 424 F. Supp. 784, 787-88 (W.D.N.Y. 1976) (private developer could be enjoined from construction if the federal agency failed to comply with NEPA); *Save the Courthouse Committee v.*

---

[1] To the extent plaintiffs cite cases from other circuits that may base jurisdiction on different reasoning, those cases are apparently inconsistent with the language of the Administrative Procedure Act and NEPA limiting coverage to federal agencies, but in any event do not apply in this Circuit. *See Citizens for Smart Growth v. Sec'y of the Dept. of Transportation*, 669 F.3d 1203, 1210 (11th Cir. 2012) (admitting that the Administrative Procedure Act did not apply, but nonetheless exercising jurisdiction over state official); *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397 (9th Cir. 1992) (stating that nonfederal actors may be enjoined "for failing to comply with NEPA").

*Lynn*, 408 F. Supp. 1323, 1344 (S.D.N.Y. 1975) (local agency was not subject to NEPA obligations, but its proposed demolition of a building could be enjoined when the federal agency's NEPA decision was inadequate). There is no basis for that jurisdiction here because plaintiffs have not sought to enjoin congestion tolling and even if they had, it would be neither necessary nor sufficient to sue Ms. Winkelhake to effectuate such an injunction.

First, plaintiffs have not sought to enjoin congestion tolling. *See Chan* Original Compl. at 25-26 (Nov. 22, 2023) [*Chan* ECF No. 1]; *Chan* Amend. Compl. at 49-50 (Feb. 20, 2024) [*Chan* ECF No. 34]; *Mulgrew* Original Compl. at 41 (Jan. 4, 2024) [*Mulgrew* ECF No. 1]; *Mulgrew* First Amend. Compl. at 58 (Jan. 26, 2024) [*Mulgrew* ECF No. 19]; *Mulgrew* Proposed Second Amend. Compl. at 58-59 (Mar. 5, 2024) [*Mulgrew* ECF No. 62-2]. The current and proposed complaints request an injunction to prepare an environmental impact statement under NEPA, but any such injunction would not lie against the Department's chief engineer since a state official is not subject to NEPA.

The *Chan* and *Mulgrew* complaints ask for a declaratory judgment that congestion pricing "not move forward" before a "full" supplemental environmental review is prepared. *See, e.g.*, *Chan* Amend. Compl. at 49; *Mulgrew* First Amend. Compl. at 58; *Mulgrew* Proposed Second Amend. Compl. at 58. But a declaratory judgment is not an injunction, as it is not self-executing and is not subject to the irreparable harm and balance of the equities required for an injunction. *See, e.g.*, *Steffel v. Thompson*, 415 U.S. 452, 471-72 (1974) (declaratory judgment "is a much

milder form of relief than an injunction . . . [and] is not . . . coercive"); *id*. at 472 (injunction prerequisites do not apply to a declaratory judgment); *Alstom Brasil Energia e Transporte Ltda. v. Mitsui Sumitomo Seguros S.A.*, No. 15 Civ. 8221 (AKH), 2016 WL 9781812, at *2 (S.D.N.Y. Dec. 28, 2016) ("contempt is not available to enforce a declaratory judgment because such relief lacks the coercive effect of an injunction"). Simply put, "a claim for declaratory judgment . . . is not the appropriate vehicle for seeking injunctive relief." *George & Co. v. Spin Master Corp.*, No. 19-CV-04391 (RPK) (SJB), 2020 WL 7042665, at *5 (E.D.N.Y. Nov. 30, 2020). The Court should not find jurisdiction over claims against Ms. Winkelhake based on injunctive relief not sought in the complaints.

Even if the complaints had sought an injunction to prevent tolling from starting, an injunction against the Department's chief engineer would be neither necessary nor sufficient to stop the tolling. Instead, if an injunction were necessary, the Court could either enjoin the federal defendants from entering into an agreement authorizing the tolling or enjoin Triborough from beginning the tolling. There would then be no need or basis for an injunction against Ms. Winkelhake to stop the Department from allowing its roads to be used for tolling, as any alleged irreparable harm would have been addressed. Similarly, there would be no need or basis for an injunction to stop the Department from performing subsequent mitigation measures such as planting roadside shrubbery or installing electric truck charging stations, particularly since the measures rely on funding from the tolling. Moreover, it is not clear why anyone would want to enjoin those beneficial actions.

Indeed, an injunction against Ms. Winkelhake would not be sufficient to enjoin tolling, as she has no authority over the tolling. As previously shown, a cause of action against a state official who has no responsibility for the allegedly unlawful act fails to state a claim and thus cannot constitute the predicate violation of federal law necessary to invoke *Ex parte Young*. *See* Dept. Br. at 11-14; Winkelhake Br. at 11-14.

## CONCLUSION

The Court should deny the *Mulgrew* plaintiffs' cross-motion and dismiss the claims against the Department and Ms. Winkelhake in *Mulgrew* and *Chan*.

Dated: New York, New York
April 22, 2024

Respectfully submitted,

LETITIA JAMES,
ATTORNEY GENERAL OF THE STATE OF NEW YORK

By: */s/ Andrew G. Frank*
Andrew G. Frank
Assistant Attorney General
New York State Attorney General's Office
28 Liberty Street
New York, NY 10005
Telephone: (212) 416-8271
E-mail: andrew.frank@ag.ny.gov

*Attorneys for Defendants New York State Department of Transportation and Stephanie Winkelhake, P.E., in her official capacity as chief engineer of the New York State Department of Transportation*

13