# Exhibit A



**THE SECRETARY OF TRANSPORTATION**
WASHINGTON, DC 20590

February 19, 2025

The Honorable Kathy Hochul
Governor of New York
Albany, NY  12224

Dear Governor Hochul:

I am writing to you concerning the Federal Highway Administration's (FHWA) approval of the Central Business District (CBD) Tolling Program (CBDTP), which is a pilot project under the Value Pricing Pilot Program (VPPP).  The FHWA implements VPPP on behalf of the Secretary of Transportation pursuant to a delegation of authority.  On November 21, 2024, FHWA and the New York State Department of Transportation (NYSDOT) executed an agreement (November 21 Agreement) approving the CBDTP pilot project under VPPP.  The VPPP is an exception to the general rule prohibiting tolling on highways. Congress approved the VPPP exception in 1991 as a pilot to test congestion reduction techniques. New York State is one of 15 States authorized to implement the program.

Pursuant to the November 21 Agreement, FHWA approved NYSDOT's implementation of CBDTP as a pilot project under VPPP.  Under the pilot project, NYSDOT and its project sponsors, Triborough Bridge and Tunnel Authority (TBTA) and New York City Department of Transportation (NYCDOT), were authorized to implement a method of congestion pricing known as "cordon pricing," under which certain vehicles are charged tolls upon entry into Manhattan south of and inclusive of 60th Street. The imposition of tolls under the CBDTP pilot project by NYSDOT and its project sponsors became operational on
January 5, 2025.

President Trump recently took office on January 20, 2025.  I was nominated by the President to be the Secretary of Transportation, confirmed by the Senate on January 28, 2025, and sworn into office on January 29, 2025.  Upon assuming my responsibilities, President Trump asked me to review FHWA's approval of CBDTP as a pilot project under VPPP.  In particular, the President expressed his concerns about the extent of the tolling that was approved by the Department of Transportation on highways that have been constructed with funds under the Federal-aid Highway Program and the significant burdens on the New York City residents, businesses, and area commuters (including those from New Jersey and Connecticut) who regularly use the highway network in the CBD tolling area.

As Secretary of Transportation, I am aware of many concerns regarding the CBDTP pilot project. For example, in a January 20, 2025, letter to President Trump, which I reviewed, New Jersey Governor Murphy expressed significant concerns about the impacts that the imposition of tolls under the CBDTP pilot project is having on New Jersey commuters and residents. Also, in a January 20, 2025, letter to me, New Jersey Department of Transportation Commissioner O'Connor also expressed many concerns regarding the impacts of the CBDTP pilot project to New Jersey communities. Additionally, I have been made aware that legal challenges are pending regarding the project, which question whether the scope of the project exceeds the authority of VPPP.

I share the President's concerns about the impacts to working class Americans who now have an additional financial burden to account for in their daily lives. Users of the highway network within the CBD tolling area have already financed the construction and improvement of these highways through the payment of gas taxes and other taxes. The recent imposition of this CBDTP pilot project upon residents, businesses, and commuters left highway users without any free highway alternative on which to travel within the relevant area. Moreover, the revenues generated under this pilot program are directed toward the transit system as opposed to the highways. I do not believe that this is a fair deal.

In light of the President's concerns about the CBDTP pilot project, the legal challenges that have been made, as well as the concerns expressed by New Jersey Governor Murphy and New Jersey Commissioner O'Connor, I reviewed the tolling authority granted under VPPP to the CBDTP pilot project for compliance with Federal law. For the reasons explained below, I have concluded that the scope of this pilot project as approved exceeds the authority authorized by Congress under VPPP.

The construction of Federal-aid highways as a toll-free highway system has long been one of the most basic and fundamental tenets of the Federal-aid Highway Program. Ever since the enactment of the Federal-Aid Road Act of 1916, Congress has required that roads constructed with Federal-aid highway funds be free from tolls of all kinds, subject to limited exceptions. *See* Public Law 64-154, § 1, 39 Stat. 355 (1916). This general requirement was codified at 23 U.S.C. § 301 under Pub. L. No. 85-767, 72 Stat. 885 (1958), and remains the law today. Specifically, this statute currently reads as follows:

> Except as provided in section 129 of this title with respect to certain toll bridges and toll tunnels, all highways constructed under the provisions of this title shall be free from tolls of all kinds.

In 1991, Congress created a limited exception to the tolling prohibition for "congestion pricing pilot projects" implemented by States, local governments, or public authorities. Intermodal Surface Transportation Efficiency Act of 1991, § 1012(b), Pub. L. No. 102-240. Congress did not define "congestion pricing pilot project." Congress later amended the statute to replace "congesting pricing pilot projects" with "value pricing pilot programs," but it again did not

define this term. Transportation Equity Act of the 21st Century, § 1216(a), Pub. L. No. 105-178 (1998). The long-standing history of the anti-tolling provision requires me to narrowly construe this exception.

I have concluded that CBDTP is not an eligible "value pricing pilot program," for two reasons.

*First*, CBDTP uses a method of tolling known as "cordon pricing," under which drivers who enter Manhattan south of 60th Street are charged tolls no matter what roads they use. Unlike other forms of tolling, the CBDTP's cordon pricing program provides no toll-free option for many drivers who want or need to travel by vehicle in this major urbanized area. Congress in a separate statutory provision has authorized cordon pricing on the *Interstate System* where drivers can choose a non-Interstate route. *See* 23 U.S.C. § 129(d)(4)(B), (6)(A). But no statute contemplates cordon pricing in a situation where tolls are inescapable, and FHWA has never before approved a VPPP program that uses cordon pricing or that does not provide a toll-free option. I have concluded that Congress did not, in using the vague phrase "value pricing pilot program," authorize the unprecedented and consequential step of cordon pricing. Indeed, the Town of Hempstead and its supervisor have sued FHWA, TBTA, and NYSDOT making this argument, and I believe that FHWA faces a significant risk of loss in that litigation. *See Town of Hempstead v. DOT*, No. 24-cv-3263 (E.D.N.Y.).

*Second*, the imposition of tolls under the CBDTP pilot project appears to be driven primarily by the need to raise revenue for the Metropolitan Transit Authority (MTA) system as opposed to the need to reduce congestion. I recognize that preliminary project data published by the MTA reports a congestion reduction benefit, but the toll rate that is set under VPPP should not be driven primarily by revenue targets, particularly revenue targets that have nothing to do with the highway infrastructure. While revenue generation is a necessary outcome of any congestion pricing scheme and specifically allowable under the VPPP statute, the primary consideration of the toll rates here is to raise revenue for an MTA capital program. This revenue target for MTA projects artificially drives the establishment of toll rates to the highway users rather than the price needed to reduce congestion. As a result, highway users of the Federal-aid highway network within the priced zone are burdened with a price that is set to raise certain amounts of revenue for MTA capital projects rather than a price that is necessary to have an impact on congestion. Even if improving the transit system may eventually affect roadway congestion, there is no indication that the tolls were set in order to achieve these attenuated effects. I have concluded that VPPP does not authorize tolls that are calculated based on considerations separate from reducing congestion or advancing other road-related goals.

Federal-aid infrastructure projects must be carried out in compliance with Federal law. Due to my conclusion that FHWA lacked statutory authority to approve the cordon pricing tolling under the CBDTP pilot project, I am rescinding FHWA's approval of the CBDTP pilot project under the November 21 Agreement and terminating the Agreement. I recognize that FHWA under the prior Administration concluded, when executing the November 21 Agreement, that the CBDTP was eligible for approval under VPPP, and that my determination represents a change in position.

FHWA, however, did not explain the basis for its conclusion, and nothing in the prior approval undermines the above analysis upon which my determination is based.

I recognize, moreover, that TBTA and NYSDOT have relied on the Agreement to begin collecting tolls under the program, but I have concluded that such reliance should not prevent the termination of the November 21 Agreement. While the TBTA and NYSDOT have incurred costs related to the program, many of those costs were incurred before FHWA signed the Agreement, and FHWA is not aware of any substantial costs associated with the physical stopping of the program. To be sure, the termination of the program may deprive the transit system of funding, but any reliance on that funding stream was not reasonable given that FHWA approved only a "pilot project." Finally, any reliance interests cannot overcome the conclusion that FHWA's approval was not authorized by law.

The FHWA will contact NYSDOT and its project sponsors to discuss the orderly cessation of toll operations under this terminated pilot project.

Sincerely,

Sean P. Duffy

CC:   Marie Therese Dominquez, Esq. NYSDOT Commissioner
      Catherine T. Sheridan, President of TBTA
      Ydanis Rodriguez, NYCDOT Commissioner

Case 1:24-cv-01644-LJL   Document 155-1   Filed 03/10/25   Page 6 of 6