```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/13/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH CHAN, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | |
| MICHAEL MULGREW, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | |
| NEW YORKERS AGAINST CONGESTION PRICING TAX, *et al.*, <br><br> Plaintiffs, <br><br> -v- <br><br> UNITED STATES DEPARTMENT OF TRANSPORTATION, *et al.*, <br><br> Defendants. | |

23-cv-10365 (LJL)
24-cv-01644 (LJL)
24-cv-00367 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

The U.S. Department of Transportation, the Federal Highway Administration ("FHWA"), Gloria M. Shepherd, in her official capacity as Acting Deputy Administrator of FHWA[1], and Richard J. Marquis, in his official capacity as Division Administrator of the New York Division of FHWA, (collectively, the "Federal Defendants") have requested a stay of the three above-captioned actions until final judgment is entered in *Metropolitan Transportation Authority, et al. v. Duffy, et al.*, No. 25-cv-1413 (S.D.N.Y.) ("*Duffy*"). *Chan, et al. v. U.S. Dep't of Transp., et al.*, No. 23-cv-10365 (S.D.N.Y.) ("*Chan*"), Dkt. No. 171; *Mulgrew, et al. v. U.S. Dep't of Transp., et al.*, No. 24-cv-1644 (S.D.N.Y.) ("*Mulgrew*"), Dkt. No. 155; *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't of Transp., et al.*, No. 24-cv-367 (S.D.N.Y) ("*New Yorkers*"), Dkt. No. 143. The Metropolitan Transportation Authority and the Triborough Bridge and Tunnel Authority (collectively, the "MTA Defendants") oppose a stay. *Chan*, Dkt. No. 172; *Mulgrew*, Dkt. No. 156; *New Yorkers*, Dkt. No. 144.

In addition to *Duffy*, *Chan*, *Mulgrew*, and *New Yorkers*, two other challenges to New York's congestion pricing program are currently pending before this Court. *See Trucking Ass'n of N.Y. v. Metro. Transp. Auth., et al.*, No. 24-cv-4111 (S.D.N.Y.) ("*TANY*"); *Blumencranz v. Hochul, et al.*, No. 25-cv-1787 (S.D.N.Y.) ("*Blumencranz*"). Several other challenges are also currently pending in other courts. *See Neuhaus, et al. v. Triborough Bridge & Tunnel Auth., et al.*, No. 24-cv-3983 (S.D.N.Y.); *County of Rockland v. Triborough Bridge & Tunnel Auth., et al.*, No. 24-cv-2285 (S.D.N.Y.); *Town of Hempstead, et al. v. Triborough Bridge and Tunnel Auth., et al.*, No. 24-cv-3263 (E.D.N.Y.); *State of New Jersey v. U.S. Dep't of Transp. et al.*, No. 23-cv-3885 (D.N.J.) ("*SONJ*"); *Town of Hempstead, et al. v. Hochul, et al.*, Index No. 450653/2025 (N.Y. Sup.

---

[1] Shepard was automatically substituted for Shailen Bhatt pursuant to Fed. R. Civ. P. 25(d)).

Ct.). The Federal Defendants have sought a stay in *SONJ* until final judgment is entered in *Duffy*, though the request is opposed by the plaintiffs and has not yet been decided. *SONJ*, Dkt. Nos. 238–239.[2] To the Court's knowledge, the parties in the remaining cases have not sought a stay at this time.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Even so, a" stay of a civil case is an extraordinary remedy, and the burden is on the person seeking a stay to establish its need." *Banyan v. Sikorski*, 2021 WL 3271735, at *2 (S.D.N.Y. July 30, 2021) (quotation and citation omitted). The factors considered in deciding whether to grant a stay are: "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996); *see Diatek Licensing LLC v. Estrella Media, Inc.*, 2022 WL 5108090, at *1 (S.D.N.Y. Oct. 4, 2022). On the whole, these factors weigh against a stay of the three above-captioned actions.

---

[2] The MTA Defendants are intervenor-defendants in *SONJ*. They argue that their lack of opposition to the stay in *SONJ* is irrelevant because "[w]hereas here, the parties have completed briefing on dispositive motions and Plaintiffs contend that the MTA Defendants' motions should be denied and discovery should proceed, in New Jersey, the parties had not completed briefing on the issues pending before that court at the time of the request." *Chan*, Dkt. No. 172 at 3 n.1; *Mulgrew*, Dkt. No. 156 at 3 n.1; *New Yorkers*, Dkt. No. 144 at 3 n.1.

3

First, the plaintiffs in the three actions have consented to the stay. *See Chan*, Dkt. No. 171 at 2; *Mulgrew*, Dkt. No. 155 at 2; *New Yorkers*, Dkt. No. 143 at 2. The first factor therefore is not at issue.

Second, the MTA Defendants argue that they would be prejudiced by a stay because the three actions concern constitutional and statutory challenges to the tolling program. Such a claim "clouds the validity of New York [traffic mobility] legislation." *Grand River Enters. Six Nations, Ltd. v. Pryor*, 2004 WL 2480433, at *3 (S.D.N.Y. Nov. 3, 2004), *aff'd*, 425 F.3d 158 (2d Cir. 2005). "A stay would only exacerbate this problem, which jointly affects the defendant and the public interest." *Id.* As this Court has previously noted, "[t]he Defendants have been sued and are entitled to have a decision as to whether the complaints against them state a viable and live claim for relief." *See Chan*, Dkt. No. 126 at 4; *Mulgrew*, Dkt. No. 114 at 4; *New Yorkers*, Dkt. No. 114 at 4. Although the Federal Defendants seek the stay, they do not articulate any interest of their own that would be supported by a stay. *See Chan*, Dkt. No. 171 at 2–3; *Mulgrew*, Dkt. No. 155 at 2–3; *New Yorkers*, Dkt. No. 143 at 2–3.

The Federal Defendants argue that the remaining factors, the interests of the courts, nonparties, and the public, "support[] a stay of these matters, as it is in the public interest to conserve judicial and public resources and avoid advisory opinions." *Chan*, Dkt. No. 171 at 3; *Mulgrew*, Dkt. No. 155 at 3; *New Yorkers*, Dkt. No. 143 at 3. However, a decision on the any of the pending motions in *Chan*, *Mulgrew*, or *New Yorkers* would not be advisory. The pendency of another lawsuit does not alter legal status of the tolling program, let alone "completely and irrevocably eradicate[ ] the effects of the alleged violation[s]." *Mulgrew v. U.S. Dep't of Transp.*, 2024 WL 3251732, at *9 n.13 (S.D.N.Y. June 20, 2024) (quoting *Exxon Mobil Corp. v. Healey*, 28 F.4th 383, 395 (2d Cir. 2022)). And the Court will not prejudge the effect of the FHWA's

4

February 19, 2025 letter where, in *Duffy*, the MTA Defendants argue such letter is without effect and the Federal Defendants have not responded to the complaint. The fact that one possible ruling in *Duffy* would moot *Chan*, *Mulgrew*, and *New Yorkers* does not on its own warrant a stay where no motion seeking such ruling has even been briefed. *See Pozo v. BlueMercury, Inc.*, 2023 WL 4980217, at *7 (S.D.N.Y. Aug. 3, 2023) (denying request for a stay where movant's "interest in waiting for a decision in [another case] appears to be more in the nature of hoping to complete a Hail Mary pass"); *Medien Pat. Verwaltung AG v. Warner Bros. Ent. Inc.*, 2014 WL 1169575, at *3 (S.D.N.Y. Mar. 21, 2014) (denying request for stay where movant's arguments were "premised on its expectation" of a favorable outcome in another case). Conversely, the public does have an interest in resolving the pending (and fully briefed) challenges to the tolling program instead of letting key questions regarding the program's validity go unanswered. *See Grand River Enters.*, 2004 WL 2480433, at *3.

It is not clear that a stay pending a final judgment in *Duffy* would conserve judicial or public resources. The plaintiffs in *Duffy* (the MTA Defendants) raise different claims from those raised by the plaintiffs in *Chan*, *Mulgrew*, and *New Yorkers*. *Compare Duffy*, Dkt. No. 1 (asserting claims against the Federal Defendants in connection with a letter purporting to terminate the FHWA's consent to the tolling program, for violation of the Administrative Procedure Act ("APA"), ultra vires agency conduct, violation of the Due Process Clause of the Fifth Amendment, and violation of the National Environmental Policy Act ("NEPA")) *with Chan*, Dkt. No. 124 (asserting claims against the MTA Defendants and the Federal Defendants, among others, in connection with their operation of the tolling program, for violation of the APA, violation of NEPA, violation of the Dormant Commerce Clause, violation of the right to travel, and violation of the New York State Green Amendment), *Mulgrew*, Dkt. No. 112 (similar), and *New Yorkers*,

5

Dkt. No. 54 (asserting claims against the MTA Defendants and the Federal Defendants, among others, in connection with their operation of the tolling program, for violation of NEPA, violation of the New York State Administrative Procedure Act, and violation of the New York State Green Amendment). A ruling in favor of the plaintiffs in *Chan*, *Mulgrew*, or *New Yorkers* (or in any of the other unstayed cases) could conceivably moot *Duffy*. The Federal Defendants do not articulate any basis to prefer the later-filed case of *Duffy* as a mechanism for resolution compared to the earlier-filed cases of *Chan*, *Mulgrew*, and *New Yorkers*. Particularly in light of the fact that this Court has been able to resolve issues in *Chan*, *Mulgrew*, *New Yorkers*, and *TANY* coextensively, a stay offers little benefit to judicial economy. *See, e.g.*, *Mulgrew*, 2024 WL 3251732; *Chan v. U.S. Dep't of Transp.*, 2024 WL 5199945 (S.D.N.Y. Dec. 23, 2024).

Given the prejudice to the MTA Defendants, the public's interest in resolving the challenges to the tolling program, and the lack of benefit to the courts and public, the Federal Defendants have not satisfied their burden of establishing the need for a stay of this action. *See Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 2007 WL 674691, at *5 (E.D.N.Y. Feb. 28, 2007); *Pozo*, 2023 WL 4980217, at *6.

The Federal Defendants' request for a stay is DENIED.

The Clerk of Court is respectfully directed to close the following motions:

- *Chan, et al. v. U.S. Dep't of Transp., et al.,* No. 23-cv-10365 (S.D.N.Y.), Dkt. No. 171;

- *Mulgrew, et al. v. U.S. Dep't of Transp., et al.*, No. 24-cv-1644 (S.D.N.Y.), Dkt. No. 155; and

- *New Yorkers Against Congestion Pricing Tax, et al. v. U.S. Dep't of Transp., et al.*, No. 24-cv-367 (S.D.N.Y), Dkt. No. 143.

SO ORDERED.

Dated: March 13, 2025
      New York, New York

                                                   LEWIS J. LIMAN
                                          United States District Judge